**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

_____x

YALE NEW HAVEN HEALTH SERVICES CORPORATION,

           Plaintiff,

      v.

PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,

           Defendants.

_____x

Case No.: 3:25-cv-00105

Honorable Sarah F. Russell

January 27, 2025

### DECLARATION OF ROBERT S. FRIEDMAN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS

I, Robert S. Friedman, declare:

1. I am a member of good standing of the Bars of the State of New York and the United States District Court for the District of Connecticut. I am a partner at the law firm of Sheppard, Mullin, Richter & Hampton LLP, with its offices located at 30 Rockefeller Plaza, New York, New York 10112-0015, counsel to defendants Prospect Medical Holdings, Inc., Prospect CT, Inc., Prospect ECHN, Inc. d/b/a Eastern Connecticut Health Network, Prospect Rockville Hospital, Inc. d/b/a The Rockville General Hospital, Prospect Manchester Hospital, Inc. d/b/a The Manchester Memorial Hospital, Prospect Waterbury, Inc. d/b/a The Waterbury Hospital, Prospect CT Medical Foundation, Inc. d/b/a Eastern CT Medical Professionals and Alliance Medical Group, Prospect ECHN Home Health, Inc. d/b/a Visiting Nurse and Health Services of Connecticut, Cardiology Associates of Greater Waterbury, LLC, Prospect CT Management Services, Inc. d/b/a Medical Practice Partners, Healthcare Staffing On Demand, LLC, Prospect Waterbury Ambulatory Surgery, LLC, and Prospect Waterbury Home Health, Inc. d/b/a VNA Health at Home (collectively, "Defendants") in the above-captioned matter.

2. I am familiar with the subject matter of this action and, except as otherwise stated, have personal knowledge of the facts set forth herein. I submit this Declaration in support of Defendants' motion, pursuant to 28 U.S.C. § 1412, or, in the alternative, 18 U.S.C. § 1404(a) (the "Motion") to transfer venue of the present action—which was originally commenced in the Superior Court of the State of Connecticut (the "State Court"), Docket No.: X07-HHD-CV24-6184328-S and was subsequently removed to this Court (the "Action")—to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Texas Bankruptcy Court"), where all of the Defendants' chapter 11 cases (the "Chapter 11 Cases") have been pending since January 11, 2025.

3. Plaintiff Yale New Haven Health Services Corporation ("Plaintiff") commenced

the Action in the State Court on May 1, 2024, with the filing of a complaint.

4. Plaintiff in its original and ensuing amended complaints sought, *inter alia*, a declaratory judgment that Plaintiff is not required to close on the transactions contemplated by an asset purchase agreement that Plaintiff and Defendants entered into on or about October 5, 2022, under which Plaintiff would purchase three Connecticut hospitals and related medical facilities from Defendants for $435 million (the "APA").

5. Plaintiff presumably commenced the action in the State Court because the APA contains a Connecticut choice-of-law and choice-of-forum clause, under which, with an exception not relevant here, "the venue of all disputes, claims, and lawsuits arising hereunder shall lie in the state and federal courts located in the State of Connecticut. Each Party hereby waives, and agrees not to assert, any defense in any Action arising out of or relating to this Agreement or the transactions contemplated by the Transaction Documents that such Party is not subject thereto or that such Action may not be brought or is not maintainable in such courts or that this Agreement may not be enforced in or by such courts or that such Party's property is exempt or immune from execution or that such Action is brought in an inconvenient forum or that the venue of such Action is improper."

6. Defendants, in both their original and amended answers, responded to Plaintiff's claims and asserted counterclaims against Plaintiff, seeking a judgment, *inter alia*, (i) declaring that Plaintiff breached the APA and is required to close on the transactions contemplated by the APA, and (ii) ordering Plaintiff to close on the transactions contemplated by the APA and pay Defendants the purchase price or, in the alternative, pay damages to Defendants. Plaintiff and Defendants have amended their pleadings in the State Court Action.

7. True and accurate copies of the parties' respective operative pleadings in the Action are enclosed in **Exhibit B** to this Declaration.

8. Both Plaintiff and Defendants are represented by national law firms whose offices are located outside of Connecticut. It is my understanding that national counsel for Plaintiff (Cravath, Swaine & Moore LLP) has significant experience in federal courts nationwide, including

the Texas Bankruptcy Court.

9. As of January 11, 2025 (the date that, as set forth below, the Chapter 11 Cases commenced), the parties in the Action had completed significant fact discovery and were about to begin expert discovery.

10. Specifically, apart from a handful of issues that the parties had identified in each other's productions, party document productions and most non-party productions had been completed, and the parties had taken 20 fact depositions, and had contemplated taking approximately 15 additional depositions (several of them of non-party witnesses) by the end of January 2025. This was because, under the scheduling order issued by the State Court (a true and accurate copy of which, along with the underlying motion to approve amended scheduling order, is attached as **Exhibit A**), fact discovery was scheduled to conclude on January 28, 2025, and opening affirmative expert reports were to be served on January 31, 2025. In turn, expert discovery was scheduled to conclude by March 7, 2025, and a bench trial was to be held before the State Court beginning April 22, 2025.

11. With respect to the situs of depositions during fact discovery in the Action, the parties' counsel agreed that the default presumption would be that party deponents were to be deposed at the respective taking party's national counsel's offices in New York City, not in Connecticut.

12. Many of the fact discovery deponents in the Action, prior to removal, were located outside of Connecticut. As a result, when the Action was pending before the State Court, the parties issued subpoenas (including for production of documents and deposition testimony) to several out-of-state non-parties, and domesticated those subpoenas in the witnesses' respective states (such as through the Uniform Interstate Depositions and Discovery Act).

13. The trial before the State Court was to be a bench trial because the parties waived the right to a jury trial in Section 10.4 of the APA, which provides:

> **Waiver of Jury Trial.** EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT

PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION DIRECTLY OR INDIRECTLY ARISING OUT OF, INVOLVING OR RELATING TO THIS AGREEMENT, ANY OTHER TRANSACTION DOCUMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. THE PARTIES AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED-FOR AGREEMENT AMONG THE PARTIES IRREVOCABLY TO WAIVE TRIAL BY JURY AND THAT ANY ACTION OR PROCEEDING WHATSOEVER AMONG THEM RELATING TO THIS AGREEMENT OR ANY OTHER TRANSACTION DOCUMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

14. As of January 11, 2025, Plaintiff had filed a motion for summary judgment, but Defendants had until January 29, 2025 to oppose the motion, pursuant to the State Court's order. As discussed below, that deadline has been stayed by the automatic stay triggered by the commencement of the Chapter 11 Cases.

15. On January 11, 2025, Defendants and their debtor affiliates filed voluntary chapter 11 petitions in the Texas Bankruptcy Court, which are being jointly administered by the Texas Bankruptcy Court under the main Case No. 25-80002 (SGJ) (defined above as the "Chapter 11 Cases"). I have been informed that, since that chapter 11 filing, the Texas Bankruptcy Court has already heard and granted First Day Motions in the Chapter 11 Cases.

16. As a result of the commencement of the Bankruptcy Case, the Action (including the above-referenced deadlines) was automatically stayed pursuant to 11 U.S.C. § 362. Defendants filed a notice of the automatic stay with the State Court on Monday, January 13, 2025 (a true and accurate copy of which is enclosed in **Exhibit B** to this declaration).

17. On January 22, 2025, Defendants removed the Action to this Court with the filing of a Notice of Removal (ECF Doc. No. 1), noting that Defendants would thereafter seek to transfer

the Action to the Texas Bankruptcy Court for adjudication as part of the Chapter 11 Cases. A true and accurate copy of the Notice of Removal, which exhibits, is attached as **Exhibit B**.

18. Later in the day on January 22, 2025, Defendants filed a copy of the Notice of Removal in the State Court and served a copy on Plaintiff's counsel pursuant to Rule 9027(b) of the Federal Rules of Bankruptcy Procedure, thus effecting the removal. A true and accurate copy of the notice filed with the State Court and served on Plaintiff's counsel, with certificate of service, is attached as **Exhibit C**.

19. A docket notation on the State Court docket for the Action confirms that, as of January 22, 2025, the Action was "REMOVED TO FEDERAL DISTRICT COURT . . . BY THE DEFENDANT [*sic*]." A true and accurate copy of the docket sheet for the Action in the State Court, as of January 27, 2025, is attached as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2025,
New York, New York

                                                */s/ Robert S. Friedman*
                                                Robert S. Friedman