UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YALE NEW HAVEN HEALTH SERVICES CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, INC. D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND, LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,<br><br>*Defendants*. | No. 3:25-cv-00105-MPS<br><br><br><br><br><br><br><br><br><br><br><br>February 4, 2025 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT <u>FOR THE NORTHERN DISTRICT OF TEXAS</u>**

**TABLE OF CONTENTS**

                                                                                            Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.      BACKGROUND ...........................................................................................................1

II.     ARGUMENT .................................................................................................................3

           A.       Prospect's Transfer Motion Should Be Denied As Moot Because
                   Abstention Is Required. ................................................................................3

           B.       Transfer Is Unavailable Under 28 U.S.C. §§ 1404(a) and 1412
                   Because This Case Could Not Have Been Brought in Texas and
                   Does Not Arise "Under Title 11". ................................................................4

           C.       This Case May Not Be Transferred to Texas Because Connecticut
                   Is the Only Proper Forum Under the APA's Mandatory Choice-of-
                   Venue Clause. ...............................................................................................8

CONCLUSION ..........................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angell v. Shell Oil Co.*, Civ. No. 03-0318 MV/RLP, 2004 WL 7337807 (D.N.M. Aug. 20, 2004) ..................................................................................................... 5

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013)...... 9, 10

*Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, No. 15-cv-3474 (SAS), 2015 WL 5257003 (S.D.N.Y. Sept. 9, 2015) ................................................................ 11, 12

*Goldberg Holding Corp. v. NEP Prods., Inc.*, 93 B.R. 33 (S.D.N.Y. 1988) ....................... 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) .......................... 6

*Hoffman v. Blaski*, 363 U.S. 335 (1960) ........................................................................... 5

*ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241 (S.D.N.Y. 2017) ...................... 10

*In re Exide Techs.*, 544 F.3d 196 (3d Cir. 2008) ............................................................. 10

*In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665 (S.D.N.Y. 2011) ....................................... 8

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) ..................................................... 8

*In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299 (5th Cir. 2013) .......................................... 11

*KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214 (S.D.N.Y. 2019) ....... 11, 12

*Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-00787 (HG) (MMH), 2022 WL 6036559 (E.D.N.Y. Oct. 7, 2022) ........................................................... 10

*Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158 (S.D.N.Y. 2013) ................................................................................................................... 3

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) .................................................. 9

*Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014) ................................................... 9

*Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618 (Bankr. S.D.N.Y. 2018) ........ 5, 7

*Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136 (Bankr. S.D.N.Y. 2017) ......... 6, 7

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ................................................ 9

*Prosperum Cap. Partners LLC v. NHC Food Co. Inc.*, No. 21 Civ. 7974 (PAE), 2022 WL 134881 (S.D.N.Y. Jan. 13, 2022) ................................................................ 7

*ResCap Liquidating Tr. v. PHH Mortg. Corp.*, 518 B.R. 259 (S.D.N.Y. 2014) ................ 11

*Stern v. Marshall*, 564 U.S. 462 (2011) .................................................................................. 7

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) ................................................................... 9

*Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 23-1131-JAR-ADM, 2023 WL
   6645803 (D. Kan. Oct. 12, 2023) ...................................................................................... 6

**Statutes & Rules**

28 U.S.C. § 157 ........................................................................................................................ 7

28 U.S.C. § 1334(c)(1) ............................................................................................................. 4

28 U.S.C. § 1334(c)(2) ......................................................................................................... 3, 4

28 U.S.C. § 1391(b) ................................................................................................................. 6

28 U.S.C. § 1404(a) ...................................................................................................... 3, 4, 5, 6

28 U.S.C. § 1412 ............................................................................................................ 3, 4, 7, 8

28 U.S.C. § 1452 ............................................................................................................... 2, 3, 4

Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110b(a) ..................................... 2, 8

Plaintiff Yale New Haven Health Services Corporation ("YNHH") respectfully submits this memorandum of law in opposition to the motion of Defendants Prospect Medical Holdings, Inc. and certain of its subsidiaries (collectively, "Prospect") to transfer venue to the United States Bankruptcy Court for the Northern District of Texas. (Defs' Mot. to Transfer This Action to the United States Bankruptcy Court for the Northern District of Texas ("Transfer Motion"), ECF No. 10.)

## I. BACKGROUND[1]

This suit concerns an Asset Purchase Agreement ("APA") signed by YNHH and Prospect on October 5, 2022. (Abstention Mot., Mem. of Law at 5.) Pursuant to the APA, YNHH agreed to purchase Prospect's three Connecticut hospitals and their affiliated entities for a total price of $435 million, subject to various adjustments at closing and Prospect's satisfaction of certain closing conditions. (*Id.*) However, in the period after the APA was signed, Prospect failed to fulfill even its most basic responsibilities to the hospitals, violating the plain terms of the contract and causing extreme financial, physical and reputational deterioration. (*Id.* at 5-6.)

On May 3, 2024, YNHH filed suit seeking a declaratory judgment that Prospect has breached the APA and cannot satisfy its closing conditions, relieving YNHH of its obligation to close the transaction (the "State Law Contract Action"). (*Id.* at 7.) Pursuant to the parties' choice-of-law and choice-of-venue provision, APA § 10.3, the suit was brought in the Connecticut Superior Court, where it was assigned to the

---

[1] The facts of this case are more fully described in YNHH's Motion for Abstention and Equitable Remand, filed January 28, 2025. (Pl.'s Mot. for Abstention and Equitable Remand ("Abstention Motion"), ECF. No. 11.)

Complex Litigation Docket.² (*Id.* at 6-9.) Prospect filed a counterclaim, seeking a contrary declaratory judgment that YNHH was obligated to close and alleging that YNHH violated the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110b(a). (*Id.* at 7-8.) All claims in the case will be decided under Connecticut state law. (*Id.* at 14.)

   The State Law Contract Action progressed on an expedited schedule in the Superior Court. Fact discovery was ordered to conclude on January 28, 2025, the court scheduled argument on YNHH's motion for summary judgment (which would resolve the case in its entirety) for February 11, 2025 and trial was set to begin on April 22, 2025. (*Id.* at 9-10, 23.) However, on January 11, 2025, Prospect filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Texas, automatically staying the litigation. (*Id.* at 10.) Prospect subsequently removed the State Law Contract Action to this Court pursuant to 28 U.S.C. § 1452. (*Id.*)

   Before the Court now are dueling motions: YNHH's motion asking this Court to abstain from hearing the case and remand it to the Connecticut state court, and Prospect's motion asking this Court to transfer the case to the Northern District of Texas. Prospect's Transfer Motion was filed on January 27, 2025. (Transfer Mot. at 1.) YNHH's Abstention Motion was filed the next day. (Abstention Mot. at 1.)

---

² In full, APA § 10.3 ("Choice of Law; Venue.") states that:

"All Actions (in contract or tort) arising out of or relating to this Agreement, the negotiation, execution or performance of this Agreement, the transactions contemplated by the Transaction Documents, any representation or warranty made in or in connection with this Agreement or as an inducement to enter into this Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut (including its statutes of limitations), without regard to conflicts of law principles. Except for matters to be decided by the Independent Accountant, the venue of all disputes, claims, and lawsuits arising hereunder shall lie in the state and federal courts located in the State of Connecticut. Each Party hereby waives, and agrees not to assert, any defense in any Action arising out of or relating to this Agreement or the transactions contemplated by the Transaction Documents that such Party is not subject thereto or that such Action may not be brought or is not maintainable in such courts or that this Agreement may not be enforced in or by such courts or that such Party's property is exempt or immune from execution or that such Action is brought in an inconvenient forum or that the venue of such Action is improper."

2

YNHH respectfully submits that transfer of this State Law Contract Action would be improper for three independent reasons: (i) federal court abstention is mandatory pursuant to 28 U.S.C. § 1334(c)(2), mooting the requested relief; (ii) neither of the transfer statutes, 28 U.S.C. §§ 1404(a) nor 1412, are applicable to this non-core proceeding that could not have been originally filed in Texas; and (iii) the parties contractually agreed that this dispute must be heard in Connecticut. For these reasons and as explained in greater detail below, YNHH respectfully requests that this Court deny Prospect's Transfer Motion.

## II. ARGUMENT

### A. Prospect's Transfer Motion Should Be Denied As Moot Because Abstention Is Required.

As a threshold matter, this Court should not entertain Prospect's Transfer Motion before ruling on YNHH's Abstention Motion. As explained in YNHH's Abstention Motion, courts in this Circuit have consistently held that, "[w]hen presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion *first*, and then address the motion to transfer venue only if it first denies the motion to remand". (Abstention Mot., Mem. of Law at 10 (quoting *Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158, 161 (S.D.N.Y. 2013)).) That is because jurisdiction is always a threshold issue, and courts should decide *whether* any federal court may hear a case *before* turning to the question of which federal court would be the proper venue. (*Id.* at 11.) A contrary approach would not only cause delay and waste judicial resources, but would also directly conflict with the plain text of the bankruptcy removal statute, 28 U.S.C. § 1452, which provides that removal shall be in

3

"the district court for the district *where [the] civil action is pending*"—not the district where the bankruptcy is proceeding. (*Id.*)

In any event, Prospect's Transfer Motion should be denied as moot. For the reasons set forth in YNHH's Abstention Motion, the federal courts must abstain from hearing the State Law Contract Action pursuant to 28 U.S.C. § 1334(c)(2). (*Id.* at 12-26.) And even if abstention were not required under that statute, the doctrines of permissive abstention (under 28 U.S.C. § 1334(c)(1)) and equitable remand (under 28 U.S.C. § 1452(b)) weigh decisively in favor of state court adjudication. (*Id.* at 26-30.) This action involves only state law claims that do not arise in or arise under title 11, there is no independent federal jurisdiction apart from the bankruptcy and the action was expedited and scheduled for an April 2025 trial in the Connecticut Superior Court. (*Id.* at 12-26.) Because this case must be remanded to Connecticut state court, Prospect's request to transfer this action to the Northern District of Texas should be denied.

**B.    Transfer Is Unavailable Under 28 U.S.C. §§ 1404(a) and 1412 Because This Case Could Not Have Been Brought in Texas and Does Not Arise "Under Title 11".**

Even if abstention and remand were not implicated in this case, transfer to Texas would be inappropriate for an entirely independent reason: neither the civil change-of-venue statute, 28 U.S.C. § 1404(a), nor the bankruptcy transfer statute, 28 U.S.C. § 1412, pursuant to which Prospect moves this Court to transfer (Transfer Mot. at 1), provide a legal basis for transfer. As a result, Prospect's motion must be denied.

i.    <u>28 U.S.C. § 1404(a) Is Not a Basis for Transfer Because YNHH Could Not Have Originally Filed This Action in Texas.</u>

Section 1404(a) allows a district court to transfer "any civil action to any other district . . . *where it might have been brought*," if transfer is "[f]or the convenience

4

of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a) (emphasis added). This action could not have been brought in the Northern District of Texas, barring transfer under section 1404(a).

Unless all parties agree to change venue, transfer under section 1404(a) is not permitted unless the transferee district is one "where the plaintiff, as a matter of right, could have filed the action in the first place". *Multibank, Inc. v. Access Glob. Cap. LLC*, 594 B.R. 618, 624 (Bankr. S.D.N.Y. 2018); *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) ("If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.'") (citation omitted). A defendant's subsequent consent to suit is irrelevant; courts must analyze the jurisdictional facts as they existed at the time of filing, not at the time of transfer. *Hoffman*, 363 U.S. at 342-44 (rejecting argument that transfer was proper because the suit could be "rebrought" in the defendant's preferred forum).

Section 1404(a) does not provide a basis for transfer because this is not an action that "might have been brought" in the Northern District of Texas. YNHH could not have initiated this suit in Texas federal court when it was originally filed on May 3, 2024, because subject matter jurisdiction, personal jurisdiction and venue all would have been improper. *See Angell v. Shell Oil Co.*, Civ. No. 03-0318 MV/RLP, 2004 WL 7337807, at *3 (D.N.M. Aug. 20, 2004) (denying motion to transfer to Texas because "at the time [the state law action] was brought, it does not appear that it could have been filed in any federal court"). There would not have been subject matter jurisdiction because YNHH and Defendants are not diverse and the case involves only matters of state law. (*See* Abstention Mot., Mem. of Law at 20-21.) There was no

5

personal jurisdiction because none of Defendants are citizens of or at home in Texas and none of YNHH's claims arise out of or relate to any of Defendants' activities in Texas. (*See* Transfer Mot., Ex. B at 22-28)[3]; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011) (describing the requirements for general and specific jurisdiction). And venue would not have been proper in Texas because none of Defendants are Texas residents and none of the events giving rise to the claims occurred in Texas. (*See* Transfer Mot., Ex. B at 22-28); *see also* 28 U.S.C. § 1391(b).

Prospect's bankruptcy filing does not change the calculus. Even when debtors seek transfer to their home bankruptcy court, "transfer is not permitted unless the transferee district is one where the action 'might have been brought' in the first place". *Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136, 140 (Bankr. S.D.N.Y. 2017). Prospect's contention that suit could have been brought in Texas had the parties "refrained until now from asserting their claims" is beside the point and misconstrues the law. (Transfer Mot., Mem. of Law at 16.). Courts universally reject the "circular argument" that a post-filing Chapter 11 proceeding enables transfer because plaintiffs "could file the case today" in bankruptcy court. *Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 23-1131-JAR-ADM, 2023 WL 6645803, at *6 (D. Kan. Oct. 12, 2023). This Court may not transfer to Texas under section 1404(a) because the case could not have been filed there "in the first instance". *See Onewoo Corp.*, 566 B.R. at 140.

---

[3] Citation page numbers reference PDF page numbers for Exhibit B.

6

> ii. 28 U.S.C. § 1412 Is Not a Basis for Transfer Because § 1412 Is Only Available for Cases Arising "Under Title 11".

Prospect further seeks transfer under section 1412, which allows a district court to transfer a "*case or proceeding under title 11* to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). Section 1412 is inapplicable here because this suit did not arise "under title 11".

"Congress has divided bankruptcy proceedings into three categories: those that 'aris[e] under title 11'; those that 'aris[e] in' a Title 11 case; and those that are 'related to a case under title 11.'" *Stern v. Marshall*, 564 U.S. 462, 473 (2011) (quoting 28 U.S.C. § 157). By its plain language, section 1412 only applies to proceedings that arise "under title 11"—not those that arise in or relate to cases under title 11. *See, e.g., Multibank, Inc.*, 594 B.R. at 622-24 (holding that section 1412 only applies to proceedings that arise "under" title 11 because section 1412 does not mention proceedings that "arise[] in" or are "related to" a pending bankruptcy case, despite other sections of title 28 and the corresponding case law treating these three phrases as distinct); *Prosperum Cap. Partners LLC v. NHC Food Co. Inc.*, No. 21 Civ. 7974 (PAE), 2022 WL 134881, at *3-4 (S.D.N.Y. Jan. 13, 2022) (same); *Onewoo Corp.*, 566 B.R. at 140 ("Section 1412 by its terms applies only to cases arising 'under' the Bankruptcy Code."); *Goldberg Holding Corp. v. NEP Prods., Inc.*, 93 B.R. 33, 34 (S.D.N.Y. 1988) (explaining that section 1412 "reflects Congress' intention to narrow the scope of the bankruptcy courts' jurisdiction by treating civil actions that are related to cases under title 11 differently from cases or proceedings arising under title 11").

Prospect cannot transfer this case pursuant to section 1412 because this case plainly does not arise "under title 11". Proceedings arise under title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code". *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011). The causes of action asserted by YNHH—that Prospect has breached covenants in the Connecticut-law governed APA and cannot satisfy the APA's closing conditions—are state law claims that exist wholly separate and apart from the federal Bankruptcy Code. Similarly, the causes of action asserted by Prospect in its counterclaim—that YNHH breached the APA and violated the Connecticut Unfair Trade Practices Act—are state breach of contract and state statutory claims. The Bankruptcy Code provides no cause of action for breach of contract, and the legal rights that are implicated in this case are not rights created by title 11. Indeed, as explained in greater detail in YNHH's Abstention Motion, the State Law Contract Action is merely "related to" Prospect's bankruptcy. (Abstention Mot., Mem. of Law at 16 ("[C]ourts have consistently held that pre-petition contract claims where no proof of claim has been filed by the opposing litigant are 'non-core proceedings' that do not 'arise in' a title 11 proceeding." (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993)).))

### C.    This Case May Not Be Transferred to Texas Because Connecticut Is the Only Proper Forum Under the APA's Mandatory Choice-of-Venue Clause.

Finally, even if one of the venue-transfer statutes applied, Prospect would not be entitled to transfer because the APA contains a mandatory forum selection clause that requires litigation "in the state and federal courts located in the State of Connecticut". (APA § 10.3.) The parties' binding contractual commitment is

8

independently dispositive here, and it precludes Prospect's attempt to move this action to Texas.

The U.S. Supreme Court has explained that, in the context of a motion to transfer, a "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases". *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). When parties "have contracted in advance to litigate disputes in a particular forum", enforcing the terms of that bargain "protects their legitimate expectations and furthers vital interests of the justice system". *Atl. Marine Constr. Co.*, 571 U.S. at 63, 66. For that reason, "a resisting party bears a 'heavy burden' in overcoming a presumptively enforceable forum selection clause". *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014) (quoting *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 19 (1972)). Absent "extraordinary circumstances unrelated to the convenience of the parties", a court must adhere to the parties' contractual choice of venue. *Atl. Marine Constr. Co.*, 571 U.S. at 62.

Prospect cannot meet its burden here. Section 10.3 of the APA provides that, except for certain disputes regarding the purchase price and other financial matters to be decided by an independent accountant, "the venue of all disputes, claims, and lawsuits arising [under the APA] *shall* lie in the state and federal courts located in the State of Connecticut." (emphasis added.) This is "obligatory venue language" that requires litigation in the designated forum: Connecticut. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007). By the plain text of the APA, nonconsensual transfer to Texas is improper.

9

Prospect's sole retort is that this lawsuit is "closely intertwined" with the Chapter 11 proceeding in Texas. (*See* Transfer Mot., Mem. of Law at 13.) But that is neither true nor sufficient to overcome the forum selection clause's "controlling weight". *See Atl. Marine Constr. Co.*, 571 U.S. at 63. Courts routinely find that choice-of-venue provisions bar transfer, even when a debtor seeks transfer to the court where its bankruptcy case is pending. *See, e.g.*, *Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-00787 (HG) (MMH), 2022 WL 6036559, at *7 (E.D.N.Y. Oct. 7, 2022). More specifically, where—as here—the action is "non-core", it is well-established that a purported connection to the bankruptcy "is insufficient reason to disregard the parties' irrevocable choice of forum". *Id.*; *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 254 (S.D.N.Y. 2017) (finding that Plaintiff's "simple and relatively straightforward action to enforce a contract" had "related-to" jurisdiction, but that was "insufficient to overcome the forum-selection clauses"); *In re Exide Techs.*, 544 F.3d 196, 206 (3d Cir. 2008) ("If the claims . . . are merely 'related to' the debtor's bankruptcy case, abstention and enforcement of the forum selection clause . . . are appropriate."). Far from being closely intertwined with the bankruptcy proceeding in Texas, as Prospect suggests, this lawsuit commenced more than seven months prior to Prospect's Chapter 11 filing, was progressing in Superior Court on an expedited schedule and is based entirely on Connecticut state law. Because the State Law Contract Action is merely "related to" Prospect's bankruptcy, it must remain in Connecticut pursuant to the parties' agreement.

Moreover, even if this case were core to the bankruptcy proceeding, transfer to Texas would be unwarranted. Prospect takes the position that "when a proceeding is core, the public interest in centralizing bankruptcy proceedings always

10

outweighs the public and private interests in enforcing a forum-selection clause". (Transfer Mot., Mem. of Law at 14 (citing *ResCap Liquidating Tr. v. PHH Mortg. Corp.*, 518 B.R. 259, 268 (S.D.N.Y. 2014)).)  But, as explained in the very case that Prospect cites, that is not an accurate statement of the law.  Forum selection clauses are enforced even in core proceedings where, as here, the action involves state law contract claims unrelated to any proof of claim and where the claims would not impact the priority of creditors.  *ResCap Liquidating Tr.*, 518 B.R. at 269 ("The public interest in adjudicating this case in the bankruptcy court is slight because the counterclaims arise from pre-petition contracts, do not derive from the Bankruptcy Code, and are not intertwined with [a] proof of claim."); *KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 235-36 (S.D.N.Y. 2019) (explaining that, although the case was core, the forum selection clause must be enforced and transfer motion denied with respect to plaintiffs' state law contract claims); *see In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013) (explaining that forum selection clauses should be enforced in core proceedings unless the case "involves adjudication of federal bankruptcy rights wholly divorced from inherited contractual claims").

This case is therefore distinguishable from *Credit Suisse AG v. Appaloosa Investment Limited Partnership I*, upon which Prospect relies.  No. 15-cv-3474 (SAS), 2015 WL 5257003 (S.D.N.Y. Sept. 9, 2015); (Transfer Mot., Mem. of Law at 13-14).  In *Credit Suisse*, first priority creditors brought suit outside the bankruptcy to enjoin second priority creditors from violating an intercreditor agreement and taking actions intended to invalidate certain first priority liens.  2015 WL 5257003, at *1-5.  In other words, in an act of "transparent forum shopping", the plaintiff "[sought] to undermine a bankruptcy

11

case by attempting to litigate intercreditor disputes in multiple fora". *Id.* at *10, 12. The facts here are precisely the opposite. YNHH brought this suit *prior* to the bankruptcy, YNHH is not a creditor and the parties' contract claims are wholly independent from the bankruptcy. If any party to this action is forum shopping, it is Prospect, who seeks transfer to a far-flung forum with no connection to either party or this case.[4] Under these circumstances, failure to enforce the APA's mandatory choice-of-venue provision "would not be an appropriate exercise of this Court's discretion". *See KeyBank Nat'l Ass'n*, 600 B.R. at 235.

## CONCLUSION

For the reasons stated above, YNHH respectfully requests that this Court deny Prospect's Transfer Motion.

---

[4] None of the parties to this action have any connection to Texas, and only 6 of the 67 debtors in Prospect's Chapter 11 case are based in Texas. (Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re Prospect Med. Holdings, Inc.*, No. 25-80002-SGJ11 (Bankr. N.D. Tex. Jan. 11, 2025) at 5-7, ECF No. 1; Exhibit A: Company Organizational Chart, *In re Prospect Med. Holdings, Inc.*, No. 25-80002-SGJ11 (Bankr. N.D. Tex. Jan. 13, 2025) at 2, ECF No. 41-1.)

Respectfully submitted,

PLAINTIFF YALE NEW HAVEN HEALTH
SERVICES CORPORATION,

By:    /s/ *Kim E. Rinehart*
       Kim E. Rinehart (ct24427)
       WIGGIN and DANA LLP
       265 Church Street
       P.O. Box 1832
       New Haven, CT 06508
       (203) 498-4400
       (203) 782-2889 (fax)
       krinehart@wiggin.com

       OF COUNSEL:
       Daniel Slifkin*
       Michael A. Paskin*
       CRAVATH, SWAINE & MOORE LLP
       Two Manhattan West
       375 Ninth Street
       New York, NY 10001
       (212) 474-1000
       dslifkin@cravath.com
       mpaskin@cravath.com
       (**Pro Hac Vice Forthcoming*)