## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____x

YALE NEW HAVEN HEALTH SERVICES CORPORATION,

        Plaintiff,

        v.

PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,

        Defendants.

_____x

Case No.: 3:25-cv-00105

Honorable Michael P. Shea

February 18, 2025

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ..............................................................................................................................3

    I.    THE COURT SHOULD CONSIDER THE TRANSFER MOTION BEFORE THE REMAND MOTION ....................................................................3

    II.    THE APA'S FORUM-SELECTION CLAUSE IS NO BAR TO TRANSFER UNDER SECTION 1412 ..............................................................4

    III.    IN THE ALTERNATIVE, TRANSFER IS PROPER UNDER SECTION 1404(a) ............................................................................................................7

CONCLUSION.............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*
No. 15-CV-3474 SAS, 2015 WL 5257003 (S.D.N.Y. Sept. 9, 2015) ...................................8, 9

*Dunlap v. Friedman's, Inc.*
331 B.R. 674 (S.D. W. Va. 2005) ...................................................................................6

*In re Enron Corp.*
317 B.R. 629 (Bankr. S.D.N.Y. 2004) ................................................................................3

*In re Harnischfeger Indus., Inc.*
246 B.R. 421 (Bankr. N.D. Ala. 2000) ...............................................................................5

*Hoffman v. Blaski*
363 U.S. 335 (1960) .................................................................................................7

*ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*
565 B.R. 241 (S.D.N.Y. 2017) .......................................................................................5

*Leal v. Bednar*
No. 3:16-CV-3424-G, 2017 WL 565176 (N.D. Tex. Feb. 13, 2017) .......................................5

*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*
620 B.R. 456 (S.D.N.Y. 2020) .......................................................................................5

*Marah Wood Prods., LLC v. Jones*
534 B.R. 465 (D. Conn. 2015) ........................................................................................6

*In re Michaelesco*
288 B.R. 646 (D. Conn. 2003) ........................................................................................5

*Navon v. Mariculture Prods. Ltd.*
395 B.R. 818 (D. Conn. 2008) ........................................................................................4

*Onewoo Corp. v. Hampshire Brands, Inc.*
566 B.R. 136 (Bankr. S.D.N.Y. 2017) ................................................................................7

*In re Pali Holdings, Inc.*
488 B.R. 841 (Bankr. S.D.N.Y.2013) .................................................................................6

*In re Patriot Coal Corp.*
No. 15-32450-KLP, 2016 WL 5360950 (Bankr. E.D. Va. Sept. 23, 2016)...............................3

*In re Quigley Co., Inc.*
676 F.3d 45 (2d Cir. 2012)............................................................................................6

*In re Sapphire Development, LLC*
    523 B.R. 1 (D. Conn. 2014) ...................................................................................6

*Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*
    No. 13 CIV. 5349 KBF, 2013 WL 5798986 (S.D.N.Y. Oct. 22, 2013) ...................................5

*Tallo v. Gianopoulos*
    321 B.R. 23 (E.D.N.Y. 2005) ...............................................................................3

*Weisman v. Southeast Hotel Properties Ltd. P'ship*
    No. 91 CIV. 6232 (MBM), 1992 WL 131080 (S.D.N.Y. June 1, 1992) ...................................5

Statutes

28 U.S.C. § 1334 ..................................................................................................2, 5

28 U.S.C. § 1404 ............................................................................................ *passim*

28 U.S.C. § 1409 ...............................................................................................3, 5, 7

28 U.S.C. § 1412 ...........................................................................................1, 2, 4, 5, 8

28 U.S.C. § 1452 ..................................................................................................5

Defendants Prospect Medical Holdings, Inc., Prospect CT, Inc., Prospect ECHN, Inc. d/b/a Eastern Connecticut Health Network, Prospect Rockville Hospital, Inc. d/b/a The Rockville General Hospital, Prospect Manchester Hospital, Inc. d/b/a The Manchester Memorial Hospital, Prospect Waterbury, Inc. d/b/a The Waterbury Hospital, Prospect CT Medical Foundation, Inc. d/b/a Eastern CT Medical Professionals and Alliance Medical Group, Prospect ECHN Home Health, Inc. d/b/a Visiting Nurse and Health Services of Connecticut, Cardiology Associates of Greater Waterbury, LLC, Prospect CT Management Services, Inc. d/b/a Medical Practice Partners, Healthcare Staffing On Demand, LLC, Prospect Waterbury Ambulatory Surgery, LLC, and Prospect Waterbury Home Health, Inc. d/b/a VNA Health at Home (collectively, "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to 28 U.S.C. § 1412, or in the alternative, pursuant to 28 U.S.C. § 1404(a) to transfer venue of the present action, which was originally commenced in the Superior Court of the State of Connecticut (the "State Court"), Docket No.: X07-HHD-CV24-6184328-S and was subsequently removed to this Court (the "Action"), to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Texas Bankruptcy Court"), where all of the Defendants' chapter 11 cases (the "Chapter 11 Cases") have been pending as of January 11, 2025 (ECF Doc. No. 10, the "Transfer Motion").[1]

## PRELIMINARY STATEMENT

Yale's opposition to the Transfer Motion (ECF Doc. No. 21, the "Opposition" or "Opp.") is largely a rehash of the faulty arguments it advanced in its motion for abstention or remand (ECF Doc. No. 11, the "Remand Motion") (which Yale filed one day after the Transfer Motion), and

---

[1] Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in Defendants' opening memorandum in support of the Transfer Motion (ECF Doc. No. 10-1).

fails for the same reasons Defendants identified in their opposition to the Remand Motion (ECF Doc. No. 23, "Remand Opp.").[2]  Yale fundamentally misapprehends the law on three points:

*First*, Yale maintains that courts in this Circuit, when confronted with cross-motions to remand and transfer proceedings that "arise in" or "relate to" a pending Title 11 proceeding, address the remand motion first without exception and, only if the remand motion is denied, address the transfer motion.  That is incorrect:  substantial case law both within and outside of this Circuit confirms that the proper course, after assuring itself of subject matter jurisdiction, is for the transferor court to transfer the proceeding to the "home bankruptcy court" (in this case, the Texas Bankruptcy Court) to allow the latter court to address the remand motion.  Yale does not and cannot dispute that federal bankruptcy jurisdiction exists over the Action pursuant to 28 U.S.C. § 1334(b), at a minimum on the grounds that it is "related to" the Chapter 11 Cases.  The proper course is to grant this Transfer Motion and allow the Texas Bankruptcy Court to resolve the Remand Motion.  (*See infra* Point I.)

*Second*, Yale harps on the Connecticut choice-of-forum clause in the APA, but conveniently sidesteps that (i) 28 U.S.C. § 1412 (the bankruptcy-specific transfer statute) does not require that the Court determine that the Action could have been originally brought in the transferee court, and (ii) courts in this Circuit and elsewhere have concluded that, notwithstanding Section 1412's reference to "a case or proceeding under title 11," it also covers cases that "arise in" or even merely "relate to" pending Title 11 proceedings.  Accordingly, under Section 1412, the Court need not consider the APA's choice-of-forum clause.  (*See infra* Point II.)

*Third*, transfer is proper even under Section 1404(a), the general civil transfer statute.  Yale acknowledges that, in core proceedings like the Action, courts in this Circuit have disregarded

---

[2] Defendants incorporate herein by reference their points made in the Remand Opp.

choice-of-forum clauses and granted transfer, even where venue in the bankruptcy court was available only under 28 U.S.C. § 1409. Conversely, none of the precedential cases that Yale cites were in the bankruptcy context. Transfer is thus proper under Section 1404(a) as well. (*See infra* Point III.)

Accordingly, Defendants respectfully request that the Court transfer the Action to the Texas Bankruptcy Court for consideration as part of the Chapter 11 Cases.

## <u>ARGUMENT</u>

### I.    THE COURT SHOULD CONSIDER THE TRANSFER MOTION BEFORE THE REMAND MOTION

While Yale would have this Court believe that courts in this Circuit universally take up and decide remand motions before transfer motions (*see* Opp. 3-4), that is not the case. "[A] court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand." *Tallo v. Gianopoulos*, 321 B.R. 23, 28 (E.D.N.Y. 2005). "Permitting the bankruptcy court to decide the motion for remand is in accord with the strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." *Id.* at 29 (citing *In re Enron Corp.*, 317 B.R. 629, 642 (Bankr. S.D.N.Y. 2004)).

On this basis, courts in this Circuit (and throughout the country), have frequently resolved the transfer motion first and deferred to the "home bankruptcy court" to resolve issues relating to remand, deploying what is known as the "conduit" approach. *See, e.g.*, *Tallo*, 321 B.R. at 29 (concluding that "the bankruptcy court of the Southern District of New York, being the home court of the bankruptcy proceeding and being familiar with the litigation, is better situated to determine the propriety of remand"); *In re Patriot Coal Corp.*, No. 15-32450-KLP, 2016 WL 5360950, at *2 (Bankr. E.D. Va. Sept. 23, 2016) ("In an opinion entered April 25, 2016, the [Southern District of]

New York Bankruptcy Court granted the Transfer Motion and denied the Remand Motion without prejudice, ruling that this Court, being the 'home' bankruptcy court, properly should consider the Remand Motion."); *accord Navon v. Mariculture Prods. Ltd.*, 395 B.R. 818, 823 (D. Conn. 2008) (holding, in response to cross motions to abstain and to refer to the bankruptcy court that it was "within the bankruptcy court's province to rule on whether abstention is appropriate, depending on whether this action is a core or 'related to' proceeding, and so the Court denies Plaintiff's motion to abstain without prejudice to renew following referral"); *see also* Remand Opp. 5-7 (citing additional authorities).

As it did in the Remand Motion, Yale acknowledges in its Opposition that, at a minimum, the federal courts have subject matter jurisdiction over the Action as a case "related to" the pending Chapter 11 Cases. (*See* Opp. 8 ("the State Law Contract Action is merely 'related to' Prospect's bankruptcy").) Federal jurisdiction thus exists and the proper course is for this Court to transfer the Action to the Texas Bankruptcy Court, which, having already become familiar with this Action as part of First Day Motions and subsequent filings and proceedings in the Chapter 11 Cases (*see* Remand Opp. 13-15), is best positioned to address issues related to abstention and remand.

## II.    THE APA'S FORUM-SELECTION CLAUSE IS NO BAR TO TRANSFER UNDER SECTION 1412

Yale's primary basis for opposing transfer is that the APA's forum-selection clause provides for venue only in state or federal court in Connecticut. (*See* Opp. 8-12.) But this is not a factor under Section 1412, the bankruptcy-specific transfer statute, which—unlike Section 1404(a)—does not require, by its terms, that transfer is proper only to a district "where [the action] might have been brought." *Compare* 28 U.S.C. § 1404(a) *with* 28 U.S.C. § 1412. Relying only upon the language in Section 1412, Yale maintains that the only proceedings subject to transfer under that statute are those "under title 11"—*i.e.*, bankruptcy cases themselves. (*See* Opp. 7-8.)

-4-

But this is wrong.  Even under the stricter approach adopted by some (but not all) judges in the Southern District of New York, Section 1412 applies at a minimum to cases that "arise in" Title 11 proceedings—*i.e.*, "core" proceedings.  *See, e.g.*, *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 462 (S.D.N.Y. 2020) ("A common practice in this District when determining whether a case may be transferred pursuant to Section 1412 is to look to whether the action is 'core' or 'non-core.'"); *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 248 (S.D.N.Y. 2017) ("Transfer of venue for core proceedings as well as bankruptcy petitions themselves . . . is governed by 28 U.S.C. § 1412.").  And, multiple courts, both within this Circuit and elsewhere, have held that Section 1412, consistent with the other bankruptcy jurisdiction and venue statutes such as 28 U.S.C. §§ 1334(b), 1409, and 1452, applies to cases that are "related to" Title 11 proceedings as well.[3]  Yale does not address any of these cases (or the cases cited in footnote 3 below) in the Opposition.

This approach makes sense.  As one court noted, in defending the more aggressive view that Section 1412 governs even transfer of "related to" actions, and not merely core "arising in" actions:

> [S]ection 1404 would, in perhaps a large number of cases, thwart transfer.  This is so because the related-to action might not have met, at the time of its filing, the jurisdictional or venue prerequisites making it capable of being "brought" in the home court where the bankruptcy case is pending, a requirement imposed by the text of

---

[3] *See, e.g.*, *Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, No. 13 CIV. 5349 KBF, 2013 WL 5798986, at *5 (S.D.N.Y. Oct. 22, 2013) (granting motion to transfer New York action to District of Colorado on the grounds that "[t]his Court has already determined that Plaintiffs' case is 'related to' a bankruptcy proceeding, which is why it was removed to federal court in the first place, and that bankruptcy proceeding is pending in the District of Colorado"); *Weisman v. Southeast Hotel Properties Ltd. P'ship*, No. 91 CIV. 6232 (MBM), 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) ("Section 1412 applies to cases under Title 11, civil proceedings arising under Title 11 and civil proceedings related to cases under Title 11."); *Leal v. Bednar*, No. 3:16-CV-3424-G, 2017 WL 565176, at *3 (N.D. Tex. Feb. 13, 2017) ("agree[ing] that the term 'proceeding' in section 1412 encompasses claims merely related to core proceedings. Therefore, section 1412 is the statute governing transfer of claims related to title 11 actions"); *In re Michaelesco*, 288 B.R. 646, 653 n.6 (D. Conn. 2003) (citing, *inter alia*, *In re Harnischfeger Indus., Inc.*, 246 B.R. 421, 434–35 (Bankr. N.D. Ala. 2000) ("conclud[ing] that 28 U.S.C. § 1412 is the applicable statute for determining whether a transfer of proceedings related to the bankruptcy case is appropriate")).

section 1404. Such an outcome would dilute the well-settled presumption that "related to" proceedings should be litigated in the "home court[.]"

*Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 678 (S.D. W. Va. 2005) (citation omitted).

As noted, Yale concedes that "related to" jurisdiction exists. But, as more fully explained in the Remand Opp. (at 8-12), the Action is also a core proceeding that "arises in" the Chapter 11 Cases. This is because, contrary to Yale's mischaracterization, the Action is not merely a pre-petition state law contract action for damages, but rather a proceeding that determines the ownership status of Defendants' hospitals and related medical facility *assets* (the "Connecticut Hospital Assets")—which otherwise could be sold for the benefit of creditors of Defendants' bankruptcy estates. This is a paradigmatic "core" proceeding. *See, e.g.*, *Marah Wood Prods., LLC v. Jones*, 534 B.R. 465, 474 (D. Conn. 2015) ("[P]roceedings in which the estate or the debtor seek to adjudicate their property rights in certain property constitute core proceedings, even if the adjudication of those rights is governed solely by state law."); *In re Quigley Co., Inc*., 676 F.3d 45, 53 (2d Cir. 2012) ("Bankruptcy jurisdiction is appropriate over 'third-party non-debtor claims that directly affect the *res* of the bankruptcy estate.'"); *In re Pali Holdings, Inc.,* 488 B.R. 841, 848–49 (Bankr. S.D.N.Y.2013) (determination whether property is part of a bankruptcy estate is a "core" proceeding even after *Stern*). As this Court cogently explained in denying an abstention motion in *In re Sapphire Development, LLC*, 523 B.R. 1 (D. Conn. 2014) (Shea, J.), which likewise involved a pre-petition suit pending in Connecticut state court before the bankruptcy filing, "[t]he bankruptcy court has jurisdiction not only to judge a party's status as a creditor, *but also to determine what property belongs to the estate, even if the latter determination turns (as it often does) on state law.*" *Id.* at 10 (emphasis added).

Here, the disposition of the Action will determine which route Defendants take vis-à-vis the Connecticut Hospital Assets: if Defendants prevail, then Yale will be required to close on the

purchase and pay $435 million to Defendants for these assets under the APA, as agreed; if Yale prevails, then the assets can be sold in a Section 363 sale for the benefit of the estates' creditors. To deny the close connection between the Action and the bankruptcy process is absurd.

And, truth be told, Yale was not surprised by the commencement of the Chapter 11 Cases either. As recited more fully in the Remand Opp. (at 11-12), evidence emerged in the Action, via the deposition testimony of Yale's general counsel, that ████████ REDACTED ████████

████████████████████████████████████████████████████

████████████████ [4]  Yale cannot now credibly assert that the Action is not "core" to the Chapter 11 Cases, which it helped induce.

## III.    IN THE ALTERNATIVE, TRANSFER IS PROPER UNDER SECTION 1404(a)

Regardless, transfer would be proper under Section 1404(a) as well. Though Yale maintains that courts "universally" reject Defendants' argument that transfer is proper because venue would be proper in the Texas Bankruptcy Court under 28 U.S.C. § 1409, the only cases it cites in support of that proposition are not binding on this Court and one (a decision from a district court in the District of Kansas) is not even from this Circuit. (*See* Opp. 6.)[5] The *only* precedential case that Yale cites is *Hoffman v. Blaski*, 363 U.S. 335 (1960). But that case was not decided in the bankruptcy context, and is therefore, inapposite.

At bottom, Yale fails to address cases from other courts in this Circuit that, even where Section 1404(a) applies, the close interrelationship between the suit and the related bankruptcy

---

[4] *See* Aseltyne Dep. Tr. 278:8-16███████         REDACTED
    *see also id.* 280:13-17████         REDACTED
    ████████████████████████████████; *id.* 286:7-11████         REDACTED

[5] The other case Yale cites is Judge Wiles' decision in *Onewoo Corp. v. Hampshire Brands, Inc.*, 566 B.R. 136 (Bankr. S.D.N.Y. 2017). But, besides being in tension with other court decisions within and outside of the Circuit, Judge Wiles determined in *Onewoo* that the claims at issue were merely "'related to' the bankruptcy cases pending in Delaware." *Id.* at 139. As noted *supra* Point II, that is not the case here.

proceeding is sufficient to outweigh the mandatory nature of the forum selection clause, even under

the Supreme Court's decision "in *Atlantic Marine Construction Co., Inc. v. United States District*

*Court for the Western District of Texas*, which held, in a different context, that 'a valid forum-

selection clause should be given controlling weight in all but the most exceptional cases.'" *Credit*

*Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, No. 15-CV-3474 SAS, 2015 WL 5257003, at *10

(S.D.N.Y. Sept. 9, 2015) (quoting 134 S.Ct. 568, 582 (2013)).   Indeed, though it relies upon

*Atlantic Marine*, Yale disregards that, as Judge Scheindlin notes in *Credit Suisse*, "*Atlantic*

*Marine* did not involve interference with a bankruptcy case, and the Supreme Court remanded for

a determination of whether any public interest factors might support denial of the motion to

transfer." *Id.* at *10 n.93.

　　　*Credit Suisse* teaches the proper approach in considering a motion (whether under Section

1404(a) or 1412) to transfer an action that is closely related to a pending bankruptcy, even where

the contract's forum-selection clause does not support it.   Though Yale ignores it, *Credit Suisse*,

like the present case, involved a contract with a forum-selection clause that was entered into *pre-*

*petition*. *See id.* at *1 & n.1.   As Judge Scheindlin explained in granting transfer and setting aside

the forum-selection clause, "[t]he existence of a mandatory forum-selection clause does not by

itself dispose of a motion to transfer under § 1404(a)."   *Id.* at *10 (footnote omitted).   Judge

Scheindlin concluded that, in *Credit Suisse*, "enforcing the forum selection clause here would not

serve the interests of justice," a factor to be considered under Section 1404(a).   *See id*. at *11.   In

determining that the public interest outweighed the private interest in enforcement of the forum-

selection clause, Judge Scheindlin relied squarely on the facts that:  (i) "[t]he claims are 'closely

intertwined' with the [bankruptcy] proceedings in the Northern District of Illinois," and (ii) "[t]he

rights that plaintiff seeks to enforce under the contract . . . undercut the power of the Bankruptcy Court and jeopardize the legitimacy of the Debtors' reorganization." *Id.*

*Credit Suisse* is on point here. After knowingly driving Defendants to seek bankruptcy protection through Yale's failure to close under the APA and instead commence the Action, Yale now seeks to disrupt Defendants' reorganization in the Chapter 11 Cases too—even though the Action addresses assets that are critical to the Chapter 11 Cases. In this circumstance, the interests of justice far outweigh the Connecticut forum-selection clause in the APA.

## **CONCLUSION**

Accordingly, for the foregoing reasons, as well as those set forth in Defendants' opening papers in support of the Transfer Motion, those in the Remand Opp., and those that Defendants may advance at oral argument on the Transfer Motion and the Remand Motion, Defendants respectfully request that the Court transfer this Action to the Texas Bankruptcy Court, where it can be adjudicated as part of Defendants' Chapter 11 Cases.

Respectfully submitted,

By: */s/ Robert S. Friedman*
Robert S. Friedman (ct31256)
Danielle Vrabie (*pro hac vice* application forthcoming)
Joshua I. Schlenger (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
(212) 653-8700
rfriedman@sheppardmullin.com
dvrabie@sheppardmullin.com
jschlenger@sheppardmullin.com

Amy P. Blume, Esq.
Bershtein, Volpe, & McKeon, PC 900 Chapel Street, 11th Floor New Haven, CT 06510
Juris # ct03821
Tel. # (203) 777-5800

apb@bvmlaw.com

*Counsel for Defendants*