UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YALE NEW HAVEN HEALTH SERVICES CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, INC. D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND, LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,<br><br>*Defendants*. | No. 3:25-cv-00105-MPS<br><br><br><br><br><br><br><br><br><br>March 4, 2025 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
<u>MOTION FOR ABSTENTION AND EQUITABLE REMAND</u>**

**TABLE OF CONTENTS**

                                                                                                       Page

I.      PRELIMINARY STATEMENT ............................................................................1

II.     ARGUMENT .........................................................................................................2

           A.       The Court Should Decide YNHH's Motion for Abstention Before Prospect's Motion for Transfer. .................................................................2

           B.       The State Law Contract Action is the Paradigmatic Non-Core Case. ...........................................................................................................4

           C.       The Automatic Bankruptcy Stay Does Not Impact the Timely Adjudication Inquiry. ...................................................................................10

CONCLUSION............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beard v. Braunstein,* 914 F.2d 434 (3d Cir. 1990) ............................................................8, 9

*Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500 (S.D.N.Y. 2015) ........................2

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587
 (S.D.N.Y. 2012) ..............................................................................................................8

*In re Aztec Indus.*, 84 B.R. 464 (Bankr. N.D. Ohio 1987)....................................................4

*In re Ben Cooper*, 896 F.2d 1394 (2d Cir. 1990), *cert. granted*, 497 U.S. 1023
 (1990) ..........................................................................................................................8, 9

*In re Colbert*, 117 B.R. 51 (Bankr. D. Conn. 1990) ............................................................5

*In re Culture Project*, 571 B.R. 555 (Bankr. S.D.N.Y. 2017) .........................................6, 7

*In re EMS Fin. Servs., LLC*, 491 B.R. 196 (E.D.N.Y. 2013)...............................................6

*In re Granoff*, 242 B.R. 216 (Bankr. D. Conn. 1999).........................................................10

*In re Houbigant, Inc.*, 182 B.R. 958 (Bankr. S.D.N.Y. 1995) ..............................................3

*In re Laddusire*, 494 B.R. 373 (Bankr. W.D. Wis. 2013)..................................................10

*In re Lenders Abstract & Settlement Serv. Inc.*, 493 B.R. 385 (E.D.N.Y.
 2013) ................................................................................................................................7

*In re Metromedia Fiber Network, Inc.*, 299 B.R. 251 (Bankr. S.D.N.Y. 2003) ..................4

*In re Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993).......................................................5

*In re Patriot Coal Corp.*, No. 15-32450-KLP, 2016 WL 5360950 (Bankr.
 E.D. Va. Sept. 23, 2016) ..................................................................................................3

*In re Raytech Corp.*, 238 B.R. 241 (Bankr. D. Conn. 1999) .............................................10

*In re Sapphire Dev., LLC*, 523 B.R. 1 (D. Conn. 2014) ......................................................6

*Liberty Mut. Ins. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9 (D. Conn. 2004).......................3

*Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158
 (S.D.N.Y. 2013) ..............................................................................................................2

*MHS Cap. v. Goggin*, No. 16-CV-1794 (VM), 2016 WL 3522198 (S.D.N.Y. June 13, 2016) .................................................................................................2

*Michaelesco v. Shefts*, 303 B.R. 249 (D. Conn. 2004) .........................................................5

*Midocean Partners IV, L.P. v. Baker*, No. 1:20-CV-06013, 2020 WL 6801916 (S.D.N.Y. Nov. 19, 2020) ...........................................................................3, 4

*Navon v. Mariculture Prods. Ltd.*, 395 B.R. 818 (D. Conn. 2008)........................................3

*Renaissance Cosms., Inc. v. Dev. Specialists Inc.*, 277 B.R. 5 (S.D.N.Y. 2002) ..........................................................................................................................3

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).................................................3

*Tallo v. Gianopoulos*, 321 B.R. 23 (E.D.N.Y. 2005).............................................................3

*Young-Gibson v. Patel*, 476 F. App'x 482 (2d Cir. 2012) .....................................................4

**Statutes & Rules**

11 U.S.C. § 362..................................................................................................................10

11 U.S.C. § 363.........................................................................................................1, 2, 7, 8

28 U.S.C. § 1334(c)(2)..................................................................................................3, 4, 10

28 U.S.C. § 1452(b) ..............................................................................................................4

Fed. R. Bankr. P. 9027........................................................................................................10

Plaintiff Yale New Haven Health Services Corporation ("YNHH") respectfully submits this reply in further support of YNHH's Motion for Abstention and Equitable Remand (the "Abstention Motion", ECF No. 11).

## I. PRELIMINARY STATEMENT

As the Court is aware, this case (the "State Law Contract Action") concerns YNHH's and Prospect's obligations under state law pursuant to a pre-petition Asset Purchase Agreement ("APA") signed on October 5, 2022. After Prospect removed to this Court, YNHH filed the instant Abstention Motion to return this case to the Connecticut Superior Court, where it had proceeded to summary judgment briefing, was less than three weeks from the close of fact discovery and was three months short of its trial date. The basis for abstention is simple: this is a pre-petition suit to enforce a pre-petition contract under state law. More than thirty years of Circuit precedent demonstrates that abstention is required.

In an attempt to avoid the overwhelming caselaw supporting abstention, Prospect mischaracterizes the State Law Contract Action as one to determine "which assets are or are not a part of the debtor's bankruptcy estate". (Defs.' Mem. of Law in Opp. to Pl.'s Mot. for Abstention and Equitable Remand (the "Abstention Opposition"), ECF Nos. 23, 27 at 11.) That argument is frivolous. This is, on its face, a pre-petition breach of contract action—not a case about disputed ownership. There is no dispute that Prospect owns the hospitals at issue. In fact, Prospect's initial filing in this Court characterized the State Law Contract Action as "*a pre-petition contract dispute*." (Notice of Removal, ECF No. 1 at ¶ 11 (emphasis added).)

Prospect now claims that this case is different because it will "need to know the outcome of the Action" before the hospitals "can be sold in a Section 363 sale".

(Abstention Opp. at 2.)  That is also wrong, and is directly contradicted by Prospect's representation to the Texas bankruptcy court that it already has taken steps to begin "a fulsome sale and marketing process" to auction the assets pursuant to 11 U.S.C. § 363. (Ex. A, Debtors' Mot. for Entry of an Order Approving Bidding Procedures, *In re Prospect Med. Holdings, Inc.*, No. 25-80002-SGJ (Bankr. N.D. Tex. Feb. 18, 2025), ECF. No. 708 at ¶ 3.)  Indeed, Prospect informed the bankruptcy court that it intends to complete the auction by June 5, 2025.

In short, the State Law Contract Action is exactly what it sounds like:  a pre-petition state law contract dispute that does not arise under title 11 and that exists completely independent of Prospect's bankruptcy.  It is a non-core action and mandatory abstention is required.  Accordingly, for the reasons articulated in YNHH's opening brief and as explained further below, YNHH respectfully requests that this Court remand to the Superior Court.

## II.     ARGUMENT

### A.     The Court Should Decide YNHH's Motion for Abstention Before Prospect's Motion for Transfer.

When faced with competing motions to remand and to transfer venue, the appropriate practice in the Second Circuit is to consider the remand motion first, and only to address the motion to transfer if remand is denied.  *See*, *e.g.*, *MHS Cap. v. Goggin*, No. 16-CV-1794 (VM), 2016 WL 3522198, at *4 (S.D.N.Y. June 13, 2016) (granting mandatory abstention and not addressing competing transfer motion); *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 510-11 (S.D.N.Y. 2015) (addressing remand motion based on mandatory and discretionary abstention first); *Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158, 161 (S.D.N.Y. 2013) ("[A] court is to

2

consider the remand motion first".); *Liberty Mut. Ins. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9, 14 (D. Conn. 2004) (deciding remand was required and therefore there was "no reason" to address transfer); *Renaissance Cosms., Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 11 (S.D.N.Y. 2002) (collecting cases that held "courts faced with cross-motions for remand and change of venue consider the remand motion first").

While Prospect identifies three cases from this Circuit where the court decided transfer before remand, (Abstention Opp. at 5-6), those cases are readily distinguishable because they dealt only with motions for ***discretionary*** remand.[1] However, YNHH's Abstention Motion seeks ***mandatory*** abstention with respect to the State Law Contract Action. Prospect cites no case in the Second Circuit where a court ruled on a transfer motion before a remand motion based on mandatory abstention, and YNHH is aware of none.[2] That distinction is critical because whether this Court ***must*** abstain under 28 U.S.C. § 1334(c)(2) goes to the threshold question of this Court's—and, indeed, any federal court's—power to exercise jurisdiction. *See Midocean Partners IV, L.P. v. Baker*, No. 1:20-CV-06013, 2020 WL 6801916, at *2 (S.D.N.Y. Nov. 19, 2020) (concluding mandatory abstention applies, which "prevent[s] a District Court from exercising jurisdiction"); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (explaining that a failure to address jurisdiction first "carries the courts

---

[1] *See Tallo v. Gianopoulos*, 321 B.R. 23, 28 (E.D.N.Y. 2005) (determining transfer motion before discretionary remand only after determining whether the proceeding was "core"); *In re Patriot Coal Corp.*, No. 15-32450-KLP, 2016 WL 5360950, at *2 (Bankr. E.D. Va. Sept. 23, 2016) (case transferred from S.D.N.Y. to home bankruptcy court while dismissing motion for discretionary abstention and remand without prejudice); *In re Houbigant, Inc.*, 182 B.R. 958, 966 (Bankr. S.D.N.Y. 1995) (case transferred to home bankruptcy court without deciding motion for discretionary remand).

[2] In the only case from within the Second Circuit that Prospect cites dealing with mandatory abstention, *Navon v. Mariculture Products Limited*, the court did not face a motion to transfer but a motion to *refer* the case to the bankruptcy court of its own district, where the case could have been removed in the first instance. *See* 395 B.R. 818, 823 (D. Conn. 2008).

3

beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"); *Young-Gibson v. Patel*, 476 F. App'x 482, 483 (2d Cir. 2012); *In re Metromedia Fiber Network, Inc.*, 299 B.R. 251, 256 (Bankr. S.D.N.Y. 2003).

Prospect cites a nearly 40-year-old bankruptcy case from the Northern District of Ohio, *In re Aztec Industries*, 84 B.R. 464 (Bankr. N.D. Ohio 1987), to argue that this Court should rule on transfer first and cede to the Texas bankruptcy court the determination whether the State Law Contract Action is a core proceeding. (*See* Abstention Opp. at 6-7; *infra* Section II.B.)  To YNHH's knowledge, the approach in *In re Aztec Industries* is inconsistent with every case in the Second Circuit to have addressed the issue (including those cited above), which clearly require courts to determine mandatory abstention first.[3]  There is no basis for this Court to deviate from the standard approach that has been uniformly applied in this Circuit.

### B.    The State Law Contract Action is the Paradigmatic Non-Core Case.

This pre-petition suit to enforce a pre-petition contract is the paradigmatic non-core case, and it must be adjudicated in state court.

---

[3] Prospect contends that YNHH does not dispute that the federal courts have subject matter jurisdiction over this action.  (Abstention Opp. at 7.)  This mischaracterizes YNHH's argument.  The doctrine of mandatory abstention itself goes to this Court's ability to exercise jurisdiction.  *See Midocean Partners IV, L.P.*, 2020 WL 6801916, at *2.  Under no circumstance could this Court exercise jurisdiction here because abstention is required under 28 U.S.C. § 1334(c)(2), the focus of YNHH's Abstention Motion.  The two quotes that Prospect cites from the Abstention Motion, one under YNHH's argument for discretionary remand in the alternative, and the other under YNHH's argument that the action is non-core and thus subject to mandatory abstention, (Abstention Opp. at 7), do not concede that the federal courts may exercise jurisdiction over this action.  That fundamental jurisdictional issue, at the heart of the Abstention Motion, must be addressed by this Court, to whom removal jurisdiction is entrusted.  *See* 28 U.S.C. § 1452(b) (requiring removal "to the district court for the district where such civil action is pending").

4

i. <u>On Its Face, This Case Is Non-Core.</u>

To be core, a case must either assert a cause of action created by title 11 or adjudicate claims that would not exist "but for" the debtor's bankruptcy. *In re Colbert*, 117 B.R. 51, 53 (Bankr. D. Conn. 1990). Suits to enforce pre-petition contracts "may never be considered core" because they do not satisfy either prong. *Michaelesco v. Shefts*, 303 B.R. 249, 252 (D. Conn. 2004). As the Second Circuit explained in *In re Orion Pictures Corp.*, a "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core". 4 F.3d 1095, 1102 (2d Cir. 1993). Such claims are brought under state law, not title 11, and they exist in the same form with or without the bankruptcy.

That principle is dispositive here. The State Law Contract Action was brought months before Prospect's bankruptcy to enforce a pre-petition contract. None of the parties' claims have any basis in the Bankruptcy Code, and the action could (and did) exist absent Prospect's bankruptcy. Because the State Law Contract Action does not arise under title 11 or arise in a title 11 case, it is non-core.

ii. <u>The State Law Contract Action Is Not a Suit to Determine the Property of the Estate.</u>

Prospect does not cite a single case in which a suit to enforce a pre-petition contract was determined to be a core proceeding. Instead, Prospect asserts that the State Law Contract Action is core by characterizing the case as about property rights in the bankruptcy, not about the parties' obligations under a pre-petition contract. (Abstention Opp. at 9-11.)

That framing is completely wrong. Property rights are not at issue here. Prospect unambiguously owns and operates the hospitals, and they are property of

5

Prospect's bankruptcy estate. Prospect has represented to the Superior Court that it owns the hospitals. (Connecticut Action Dkt. No. 179.00, Defs.' Third Am. Counterclaim ("Prospect Counterclaim") at ¶¶ 1-3 ("Among the 'safety net' hospital systems owned, managed, and/or operated by PMH are Waterbury Hospital and ECHN . . . in Connecticut".).) Prospect has made that same representation in the bankruptcy. (Ex. B, Decl. of Paul Rundell in Supp. of Debtors' Chapter 11 Pets. and First Day Pleadings, *In re Prospect Med. Holdings, Inc.*, No. 25-80002-SGJ (Bankr. N.D. Tex. Jan. 13, 2025), ECF No. 41 at ¶ 22 ("Prospect currently owns and operates" the hospitals).) YNHH agrees that Prospect owns the hospitals. And Prospect's property interest in the hospitals is not relevant to the parties' claims, which arise under contract law.

      Simply put, the State Law Contract Action is ***not*** a proceeding to adjudicate "which assets are or are not part of the debtor's bankruptcy estate". (Abstention Opp. at 11.) The hospitals are indisputably assets of Prospect's estate, and this is a proceeding to determine whether the parties have complied with their obligations under a contract concerning the sale of those assets. These are contract claims, and they "are not rendered core simply because they involve property of the estate." *See In re EMS Fin. Servs., LLC*, 491 B.R. 196, 203 (E.D.N.Y. 2013) (quotation omitted).

      The distinction between contract claims and title disputes is illustrated in *In re Culture Project*—a case Prospect relies on.[4] 571 B.R. 555 (Bankr. S.D.N.Y. 2017). *In re Culture* concerned "two separate issues". *Id.* at 561. First, a third party sued to

---

[4] Prospect also cites *In re Sapphire Dev., LLC* as a basis for core jurisdiction. 523 B.R. 1 (D. Conn. 2014); (Abstention Opp. at 9.) But core jurisdiction was not even at issue in *In re Sapphire*. In that case, the pre-petition state court action was not removed to federal court. *In re Sapphire*, 523 B.R. at 4. At no point did the court consider, let alone determine, if the state court action was core.

6

determine its rights under a pre-petition contract of the debtor. *Id.* at 560-61.  Second, the debtor and the third party each claimed ownership over certain equipment. *Id.*  The court concluded that the contract claims were non-core because—like here—they were not "based on the Bankruptcy Code", nor were they "matters that could only have existed in [the] bankruptcy case". *Id.* at 561.  "[T]he situation" was "different as to the disputes over the . . . equipment". *Id.* at 562.  Because that was a dispute "to determine whether particular property belong[ed] to an estate", it was core. *Id.*  The reasoning of *In re Culture* is dispositive here:  Pre-petition contract claims like this one are categorically non-core and are distinct from property disputes.

        Prospect's attempt to distinguish the State Law Contract Action from "a claim for money damages" does not change anything.  (Abstention Opp. at 11.)  As an initial matter, money damages *are* at stake here; Count One of Prospect's counterclaim is a "breach of contract" claim seeking money damages.  (Prospect Counterclaim at ¶ 122.)  But even aside from that, claims to enforce pre-petition contracts are non-core even where the parties seek equitable relief rather than damages. *See In re Culture*, 571 B.R. at 560-61 (finding "contractual" claims non-core where plaintiff sought only injunctive relief); *In re Lenders Abstract & Settlement Serv. Inc.*, 493 B.R. 385, 395 (E.D.N.Y. 2013) (rejecting "property of the estate" argument because "[w]hile it is true that the declaratory judgment action is brought in the context of a debtor attempting to secure a valuable asset" that did not make the contract case core).

        Prospect nevertheless insists—without citing any law—that the State Law Contract Action must be core because it "need[s] to know the outcome of the Action" before the hospitals "can be sold in a Section 363 sale".  (Abstention Opp. at 2.)  Beyond

7

the lack of legal support, Prospect's argument is utterly disingenuous and contradicted by its statements in the bankruptcy court, where it represented that it *already* has "begun the initial outreach related to a sale process of [its] Connecticut [hospitals]" and has filed a related section 363 sale procedure motion. (Ex. C, Feb. 20, 2025 Transcript of 341(a) Meeting of Creditors at 15:15-23; Ex. 1 at ¶¶ 23-24.) Those proposed sale procedures, which contemplate a sale order by June 5, 2025, say nothing about there being any need to resolve the State Law Contract Action in order to embark on that process.

### iii. YNHH's Purported Anticipation of the Bankruptcy is Irrelevant.

Prospect's final core argument—that YNHH was aware that the parties' dispute under the APA would likely lead to Prospect's bankruptcy—is both legally and factually deficient. (Abstention Opp. at 11.) Prospect cites no case where a plaintiff's awareness of a potential bankruptcy had any impact on whether the lawsuit was core. Nor can it; the case law is to the contrary. The key timing inquiry for determining if a contract action is core is whether the ***contract formation*** occurred prior to the ***bankruptcy petition***, not when the litigation takes place or whether the non-debtor anticipated bankruptcy. *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 592 (S.D.N.Y. 2012) ("the critical question in determining whether a contractual dispute is core by virtue of timing is . . . whether the *contract* was formed post-petition").

The only case Prospect cites in support of its argument, *Beard v. Braunstein*, is inapposite. In *Beard*, 914 F.2d 434, 445 (3d Cir. 1990), the court distinguished the non-core contract action concerning a pre-petition contract from the core contract action in *In re Ben Cooper*, 896 F.2d 1394 (2d Cir. 1990), *cert. granted*, 497 U.S. 1023 (1990). *In re Ben Cooper* involved a *post-petition* contract formed

8

specifically to comply with the debtor's reorganization plan and insure the debtor's assets. In *In re Ben Cooper*, the contracting counterparty was aware of the bankruptcy, because the debtor had ***already filed for bankruptcy when the contract was formed***. 896 F.2d at 1396. The State Law Contract Action is nothing like the action in *In re Ben Cooper*—the APA was signed more than two years before Prospect filed for bankruptcy. *See Beard*, 914 F.2d at 445.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████
████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████
███████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
███████████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### C. The Automatic Bankruptcy Stay Does Not Impact the Timely Adjudication Inquiry.

Despite the fact that the State Court Contract Action was only three months away from an April 2025 trial date when Prospect declared bankruptcy, Prospect misleadingly argues that the automatic stay prevents timely adjudication in state court. (Abstention Opp. at 13.) That argument is specious and would mean that practically no case could satisfy the timely adjudication test. It is thus no surprise that Prospect cites no law in support of its argument, and YNHH is aware of no case in this Circuit ruling that the automatic stay impacts the timely adjudication inquiry. *See In re Raytech Corp.*, 238 B.R. 241, 244 (Bankr. D. Conn. 1999) (finding suit against debtor could be timely adjudicated, making no mention of automatic stay); *In re Granoff*, 242 B.R. 216, 217 (Bankr. D. Conn. 1999) (same); *see also In re Laddusire*, 494 B.R. 373, 379 (Bankr. W.D. Wis. 2013) (explaining that, if the automatic stay prevented mandatory abstention under section 1334(c)(2), the statute would be "meaningless"). Indeed, the stay would remain in effect even in the event of transfer to the bankruptcy court. (Fed. R. Bankr. P. 9027 advisory committee's note ("If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted.").) The State Law Contract Action cannot be litigated until the stay is lifted, regardless of forum.

## CONCLUSION

YNHH respectfully requests that this Court grant the Abstention Motion.

Respectfully submitted,

PLAINTIFF YALE NEW HAVEN HEALTH SERVICES CORPORATION,

By: /s/ *Kim E. Rinehart*
Kim E. Rinehart (ct24427)
WIGGIN and DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)
krinehart@wiggin.com

OF COUNSEL:
Daniel Slifkin*
Michael A. Paskin*
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Street
New York, NY 10001
(212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com
(**Pro Hac Vice Forthcoming*)

11