**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| YALE NEW HAVEN HEALTH SERVICES CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, INC. D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND, LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,<br><br>*Defendants*. | No. 3:25-cv-00105-MPS<br><br><br><br><br><br><br><br><br><br><br><br>March 4, 2025 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL
UNREDACTED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR ABSTENTION AND EQUITABLE REMAND**

Pursuant to Rule 5(e) of the Local Rules of the District of Connecticut and the Court's Standing Protective Order entered in this action (ECF No. 8), Plaintiff Yale New Haven Health Services Corporation ("YNHH") respectfully submits this memorandum of law in support of its Motion to Seal Unredacted Reply Memorandum of Law in Further Support of Motion for Abstention and Equitable Remand ("Motion to Seal").

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case concerns YNHH's agreement (the "Contemplated Transaction") to acquire from Defendants ("Prospect") three Connecticut-based hospitals—Waterbury Hospital, Manchester Memorial Hospital and Rockville General Hospital—and their related medical facilities (the "Businesses"). Governing that agreement is the Asset Purchase Agreement ("APA") executed on October 5, 2022, which sets forth the terms under which YNHH originally agreed to acquire the Businesses and the various conditions that YNHH and Prospect would need to satisfy in order to close the Contemplated Transaction.

On May 3, 2024, YNHH filed a lawsuit in the Connecticut Superior Court seeking a declaratory judgment that it is not obligated to close the Contemplated Transaction because of Prospect's numerous breaches of the APA and inability to satisfy closing conditions (the "State Law Contract Action"). After filing that lawsuit, YNHH and Prospect engaged in settlement discussions, including discussions related to a potential path forward to close the Contemplated Transaction that would account for certain liabilities that Prospect was obligated to pay under the terms of the APA but had allowed to become delinquent. Those settlement discussions were facilitated by the

office of the Governor of Connecticut. In connection with those settlement discussions, YNHH and Prospect ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ (Ex. A, ██████████

██████████████)

On January 11, 2025, Prospect filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Texas. On January 22, 2025, Prospect removed the State Law Contract Action to this Court. (ECF No. 1.) On January 28, 2025, YNHH filed a motion for abstention seeking a remand of the State Law Contract Action to the Connecticut Superior Court. (ECF No. 11.) On February 18, 2025, Prospect filed its opposition to YNHH's abstention and remand motion. (ECF Nos. 23, 27.) Contemporaneously with this Motion to Seal, YNHH is filing its reply in support of its motion for abstention and equitable remand (the "Reply").

In the Reply, YNHH cites and includes as an exhibit material designated by YNHH as confidential pursuant to the Protective Order entered by the Connecticut Superior Court prior to Prospect's removal of the State Law Contract Action. Specifically, YNHH's Reply cites and includes as an exhibit certain deposition testimony

---

[1] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

of YNHH's Chief Legal and Administrative Officer, William Aseltyne, designated as confidential.  That testimony describes discussions between YNHH and Prospect that occurred in the fall of 2024, after YNHH filed its complaint in the State Law Contract Action, as the parties sought to reach agreement on modified terms under which they might close the sale of Prospect's Connecticut hospitals to YNHH.

## ARGUMENT

The Court may seal a judicial document when "particularized findings demonstrate[e] that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons".  D. Conn. L. Civ. R. 5(e)(3).  Sealing is appropriate where it is "essential to preserve higher values and is narrowly tailored to serve that interest".  *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

One such higher value is the encouragement of parties' attempts to settle litigated disputes.  As the Second Circuit has recognized, protecting the confidentiality of settlement negotiations "is a well-established American litigation practice." *Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985).  "Promising participants confidentiality in these proceedings promotes the free flow of information that may result in the settlement of a dispute, and protect[s] the integrity of alternative dispute resolution generally." *In re Teligent, Inc.,* 640 F.3d 53, 57–58 (2d Cir. 2011) (internal citations omitted).  While generally "there is a strong and well-established presumption of public access to judicial documents and proceedings", *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-cv-1897(CSH), 2017 WL 4750701, at *1 (D. Conn. July 12, 2017), no such presumption of access exists with respect to "settlement negotiations, draft agreements, and conference statements", *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir.

4

1998).  Indeed, the Second Circuit has noted that the release of settlement "discussions and documents" is likely to impair the trial court's performance of its Article III function of fostering settlement.  *Id.*; *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) ("If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage." (citing *Glens Falls Newspapers*, Inc., 160 F.3d at 857)).

Sealing is appropriate here because the material in question entirely involves settlement discussions between YNHH and Prospect—discussions that both YNHH and Prospect agreed ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████.  (*See* Ex. A,

███████████████████████████.)  Sealing Mr. Aseltyne's descriptions of the parties' settlement discussions would serve the interest of preserving confidentiality over settlement talks, and YNHH's proposed redactions of the limited references to its settlement discussions with Prospect are narrowly tailored to that end.  *See* D. Conn. L. Civ. R. 5(e)(3).

## **CONCLUSION**

For the foregoing reasons, YNHH respectfully requests that the Court grant its Motion to Seal and allow YNHH to redact references to Mr. Aseltyne's deposition testimony in the Reply and file under seal the excerpts of Mr. Aseltyne's deposition transcript attached to the Reply as Exhibit D.

Respectfully submitted,

PLAINTIFF YALE NEW HAVEN HEALTH SERVICES CORPORATION,

/s/ *Kim E. Rinehart*

Kim E. Rinehart
WIGGIN and DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)
krinehart@wiggin.com
Juris Number: 067700

OF COUNSEL:

Daniel Slifkin*
Michael A. Paskin*
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Street
New York, NY 10001
(212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com

(\**Pro Hac Vice Forthcoming*)