# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| YALE NEW HAVEN HEALTH SERVICES CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, INC. D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND, LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,<br><br>*Defendants*. | No. 3:25-cv-00105-MPS<br><br><br><br><br><br><br><br><br><br>April 4, 2025 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF <u>MOTION FOR ABSTENTION AND EQUITABLE REMAND</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................3

    I.    YNHH Seeks Only to Redact Confidential Settlement Discussions. ........................................................................................................3

    II.    The Confidential Settlement Discussions Described by YNHH's General Counsel Are Not Relevant to the Motions Before the Court and Should Remain Under Seal. ......................................4

        A.    The Parties' Confidential Settlement Discussions Are Completely Irrelevant to the Motions for Abstention and Transfer. ...............................................................................4

        B.    Regardless of Their Relevance, the Confidential Settlement Discussions Must Remain Under Seal..........................6

    III.    ████████████████████████████ Further Weighs in Favor of Sealing........................................................................9

CONCLUSION.............................................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2014 WL
  5568562 (S.D.N.Y. Nov. 3, 2014) ........................................................................................... 5, 8

*Alicia B. Through Cynthia B. v. Malloy*, No. 3:16-CV-00065 (SRU), 2016
  WL 9782480 (D. Conn. Dec. 20, 2016) ....................................................................................... 6

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587
  (S.D.N.Y. 2012) ........................................................................................................................... 6

*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) ..................................................... 6, 10

*In re Ben Cooper,* 896 F.2d 1394 (2d Cir. 1990) ............................................................................... 5

*In re Teligent, Inc.*, 640 F.3d 53 (2d Cir. 2011) .................................................................................. 7

*Schoeps v. Museum of Mod. Art*, 603 F. Supp. 2d 673 (S.D.N.Y. 2009) ............................................ 6

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209
  (CSH), 2012 WL 13029602 (D. Conn. May 10, 2012) ......................................................... 3, 7, 9

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209
  (CSH), 2013 WL 4012772 (D. Conn. Aug. 5, 2013) ............................................................... 7, 10

*United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853
  (2d Cir. 1998) ....................................................................................................................... 7, 8, 9

*Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409
  (S.D.N.Y. 2014) ........................................................................................................................... 9

**Statutes & Rules**

28 U.S.C. § 1334(c)(2) ......................................................................................................................... 1

Plaintiff Yale New Haven Health Systems Corporation ("YNHH") respectfully submits this reply memorandum of law in further support of its Motion to Seal Reply Memorandum of Law in Further Support of Motion for Abstention and Equitable Remand (the "Motion to Seal", ECF No. 35).

## PRELIMINARY STATEMENT

The substantive issue before this Court is whether it, a bankruptcy court in Texas or the Connecticut Superior Court should hear this case. In other words, should the parties' state law contract dispute continue in state court, where discovery is nearly complete and YNHH has already filed a motion for summary judgment? Or should it remain in federal court to possibly be transferred to a bankruptcy court in Texas? As set forth in YNHH's previous briefing, this case must return to state court pursuant to the mandatory abstention statute, 28 U.S.C. § 1334(c)(2).

Lacking in legal arguments, Prospect has resorted to conspiracy theories. Without any basis in the law, Prospect insists that mandatory abstention is inappropriate because YNHH knew that its "litigation strategy" would put Prospect into bankruptcy. (Defs.' Mem. of Law in Opp. to Pl.'s Mot. for Abstention and Equitable Remand (the "Abstention Opposition"), ECF No. 27 at 3.) That argument is legally ridiculous and factually baseless. Prospect cites no case that supports its theory—which makes sense, because none exists. Even worse, Prospect twists the facts beyond recognition. Prospect relies solely on the deposition testimony of William Aseltyne, YNHH's Chief Legal and Administrative Officer. But that testimony ███████████████████████████ YNHH did not "drive Defendants into bankruptcy", (Abstention Opp. at 3), as Prospect suggests—███████████████████████████████████████████████████████████████

1

███████████████████████████████████████████████████████

███ Rather, during the negotiations facilitated by Connecticut Governor Ned Lamont—which took place months after this litigation began—Mr. Aseltyne simply explained that ████████████████████████████████████████████████

███████████████████████████████

Because the relevant portions of Mr. Aseltyne's testimony described confidential settlement negotiations, references to that testimony were redacted in the parties' briefs.  Specifically, the testimony at issue here reflects settlement talks between YNHH, Prospect and Medical Properties Trust ("MPT")[1] facilitated by Governor Lamont in late 2024.  Those settlement discussions, ████████████████████████

████████████████████████████████████████

████ YNHH filed this Motion to Seal to preserve that ████████ confidentiality.

Prospect now objects to the Motion to Seal as an "attempt to keep from the public evidence that . . . the Court will need to consider . . . as part of its decisions" on the abstention and transfer motions.  (Defs.' Mem. of Law in Opp. to Motion to Seal (the "Sealing Opposition"), ECF No. 45 at 1-2.)  That could not be further from the truth.  Under no circumstance will this Court need to rely on the information YNHH seeks to redact because ██████████████████████████████████████ have no bearing on whether this pre-petition, common law contract dispute belongs in state or federal court.

Furthermore, even if Mr. Aseltyne's deposition testimony were relevant to the issues at hand, the law of this District would still require sealing.  In Prospect's own words, Mr. Aseltyne ████████████████████████████████████

---

[1] MPT is a real estate investment trust that owns the hospital buildings and the land on which they sit.

2

█████████████████████████████████████████████████

███████████████████████████████████████ That is dispositive.

"[T]here exists no established presumption of access to confidential settlement discussions and documents", and YNHH's interest in maintaining the confidentiality of highly sensitive settlement talks outweighs the minimal public interest in disclosure. *See Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2012 WL 13029602, at *6 (D. Conn. May 10, 2012). In sum, because YNHH's redactions are narrowly tailored to prevent public access to confidential settlement discussions unrelated to the pending motions for abstention and transfer, the Court should permit those materials to remain under seal.

## ARGUMENT

**I.  YNHH SEEKS ONLY TO REDACT CONFIDENTIAL SETTLEMENT DISCUSSIONS.**

As a threshold matter, Prospect contends that there is no possible basis for sealing because YNHH failed "to demonstrate that Mr. Aseltyne's comments ███ ██████████████████ were made as part of settlement discussions". (Sealing Opp. at 7.) That is plainly incorrect. Mr. Aseltyne's testimony is unambiguous: █

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████ Indeed, Mr. Aseltyne repeatedly testified that ████████

3

███████████████████████████████████████

███████████████████████████████████████

Specifically, Mr. Aseltyne explained that ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

## II.   THE CONFIDENTIAL SETTLEMENT DISCUSSIONS DESCRIBED BY YNHH'S GENERAL COUNSEL ARE NOT RELEVANT TO THE MOTIONS BEFORE THE COURT AND SHOULD REMAIN UNDER SEAL.

Because YNHH seeks only to redact confidential settlement discussions with no relevance to the issues before the Court, sealing is appropriate here.

### A.   The Parties' Confidential Settlement Discussions Are Completely Irrelevant to the Motions for Abstention and Transfer.

Prospect chiefly contends that Mr. Aseltyne's testimony must be made public because "the Court will need to consider it as part of its decisions on [the] motions" for abstention and transfer. (Sealing Opp. at 1-2.) That is completely

4

backwards. The parties' confidential settlement discussions should remain under seal precisely because they have no conceivable relevance to the issues of abstention and transfer currently before the Court. *See Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2014 WL 5568562, at *3 (S.D.N.Y. Nov. 3, 2014) (finding sealing appropriate where court will not need to "rely" on the redacted material).

Prospect references the parties' confidential settlement discussions for one reason: to argue that YNHH knew the parties' dispute under the APA would likely lead to Prospect's bankruptcy, somehow making the action core to the Texas bankruptcy proceedings. (Abstention Opp. at 11-12; Defs.' Reply Mem. of Law in Further Supp. of Mot. to Transfer, ECF No. 29 at 7.) As a matter of law, that argument is frivolous. Whether YNHH anticipated Prospect's bankruptcy months into the parties' litigation has no legal relevance, and Prospect cites no case where a plaintiff's awareness of a potential bankruptcy had *any* impact on whether the lawsuit was core.

The only case that Prospect cites to support its argument, *In re Ben Cooper*, shows that its legal theory has no substance. 896 F.2d 1394 (2d Cir. 1990). *In re Ben Cooper* did not, as Prospect suggests, find core jurisdiction because the debtor's bankruptcy was foreseeable. (*See* Abstention Opp. at 11.) Rather, *In re Ben Cooper* concerned a dispute over a ***post-petition contract***, and the court mentioned that the defendant was "aware" of the debtor's bankruptcy because the debtor had ***already filed for bankruptcy when the contract was formed***. 896 F.2d at 1396. It makes sense that Prospect found no case to support its claim that "awareness of the debtor's Chapter 11 status is a factor to be considered in assessing whether a proceeding is 'core'". (Abstention Opp. at 11 (citation omitted).) The timing inquiry relevant to whether a

5

contract action is core is whether ***the contract was formed before the bankruptcy petition***, not whether the non-debtor anticipated bankruptcy during litigation. *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 592 (S.D.N.Y. 2012).

Whatever Prospect's purpose may have been in invoking Mr. Aseltyne's deposition testimony, that testimony is simply not relevant to the motions for abstention and transfer. This Court should therefore grant YNHH's motion to seal. Prospect's frivolous arguments cannot "transmute" confidential settlement negotiations into "a document to which the public has a presumptive right of access." *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004) (expressing concern about the "bootstrapping" of "arguably legitimately confidential data" to presumptively public documents without any legitimate purpose).

B.      Regardless of Their Relevance, the Confidential Settlement Discussions Must Remain Under Seal.

Even if Mr. Aseltyne's deposition testimony were relevant to the motions before the Court, the law of this District would still require its sealing. "[T]he Second Circuit repeatedly has held that there is no established presumption of public access with respect to confidential settlement discussions, terms and documents." *Alicia B. Through Cynthia B. v. Malloy*, No. 3:16-CV-00065 (SRU), 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016); *see also Schoeps v. Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) ("[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases."). The policy rationale for this rule is well-established. Courts are "bound to encourage" the out-of-court resolution of legal disputes, but that goal would be undermined if settlement negotiations could not occur privately. *See Gambale*, 377 F.3d at 143. After all, "parties would be reticent to make

6

any concessions at a settlement conference if they could expect that their statements would be published to the public at large." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998).  Confidentiality is therefore necessary to foster an atmosphere of open discussion and "protect[] the integrity of alternative dispute resolution generally".  *In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011).

Relying only on cases from the Southern District of New York, Prospect nevertheless maintains that settlement discussions may not be kept confidential when they "are raised in the parties' papers on a motion".  (Sealing Opp. at 7-8.)  But case law from *this District* is to the contrary.  In *Travelers Indemnity Company v. Excalibur Reinsurance Corporation*, this Court considered a motion to seal various exhibits filed in connection with an application for a pre-judgment remedy.  2012 WL 13029602, at *3.  Among those exhibits was a letter containing "details of confidential settlement discussions in matters that may not yet be fully resolved".  *Id.* at *3-4.  This Court granted the motion to seal, explaining that "[t]he Second Circuit has held that there exists no established presumption of access to confidential settlement discussions and documents."  *Id.* at *6.  Even though, as here, the settlement negotiations were presented to the Court in support of a motion, the District of Connecticut held that any materials "discuss[ing] settlement negotiations may . . . be protected from public access as 'confidential.'"  *Id.*  One year later, the Court reiterated that reasoning and again sealed "descriptions of highly-confidential settlement discussions" submitted as attachments to motions to compel and to amend the operative complaint.  *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *4-8 (D. Conn. Aug. 5, 2013).

Moreover, even if the appended materials were subject to a presumption of public access—which they are not—that presumption would be overcome by the substantial public interest in encouraging settlement. *Agence France Presse v. Morel*, a case Prospect relies on, is instructive. 2014 WL 5568562, at *2; (Sealing Opp. at 7-8). In *Agence France Presse*, the court was faced with a motion to redact information about pretrial settlement discussions contained in a motion for attorneys' fees. 2014 WL 5568562, at *2. After "balanc[ing] the interests weighing against public disclosure of the settlement information", the court provisionally granted the motion to seal because of (i) the "generalized interest in promoting settlement" and (ii) the unclear connection between the redacted information and the substantive issues before the court. *Id.*

The countervailing factors that justified sealing in *Agence France Presse* exist to an even greater extent in the current case. "The public interest in settlement is strongest 'where a case is complex and expensive, and resolution of the case will benefit the public.'" *Id.* (quoting *Glens Falls Newspapers*, 160 F.3d at 856-57). If any case meets that description, it is this one. Here, the parties are litigating complex provisions of a multi-million dollar M&A contract concerning safety net hospitals that provide health care to, and employ, hundreds of thousands of people. Because the resolution of this dispute is so critical to the public interest, ███████████████████████████ ████████████████████████████████████████████ In addition, the *Agence France Presse* court granted the motion to seal even though it did "not know the full extent to which it [would] rely" on the redacted material. 2014 WL 5568562, at *2-3. Here, in contrast, it is crystal clear that this Court's "final decision on the merits" will not "rely" on the information YNHH seeks to redact. *See id.*; (*supra* Section II.A).

8

Prospect responds that the public interest in settlement does not apply here because "no settlement was ever reached between Yale and Prospect." (Sealing Opp. at 9.) That is an incorrect statement of the law. Courts in the Second Circuit favor sealing confidential settlement discussions where the dispute is unsettled and discussions are ongoing. *See, e.g., Travelers Indem. Co.*, 2012 WL 13029602, at *6 n.9 (holding that portions of an exhibit must be sealed because the disclosure of settlement negotiations "might be of particular harm" to those "who may have yet to settle"). Indeed, in *Glens Falls Newspapers* itself, the court denied public access to draft settlement documents ***precisely because*** no agreement had been reached and confidentiality was needed to protect ongoing negotiations. 160 F.3d at 858. The case law Prospect itself cites stands for this same proposition. *See Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 n.1 (S.D.N.Y. 2014) (explaining that "the countervailing policy in favor of encouraging settlement discussions" was not a factor because the settlement negotiations were "not ongoing" ***as they had already resulted in a finalized settlement agreement***). Unlike in *Wells Fargo*, the settlement efforts between YNHH and Prospect are ongoing and risk being chilled if confidential settlement discussions are revealed to the public.[2]

**III.** ███████████████████████████████████████████████████
 **FURTHER WEIGHS IN FAVOR OF SEALING.**

Notwithstanding Prospect's protests, (Sealing Opp. at 11-13), █

███████████████████████████████████████████████████████████████

---

[2] In the deposition testimony that Prospect cites, Mr. Aseltyne confirmed that ███████████ ████████████████████████████████████ Prospect has also represented to the Texas bankruptcy court that "Prospect and Yale remain in negotiations". (Ex. B, Decl. of Paul Rundell in Supp. of Debtors' Chapter 11 Pets. and First Day Pleadings, *In re Prospect Med. Holdings, Inc.*, No. 25-80002-SGJ (Bankr. N.D. Tex. Jan. 13, 2025), ECF No. 41 at ¶ 78.)

9

Courts in this Circuit consider confidentiality agreements as a factor in favor of sealing. *See, e.g.*, *Travelers Indem. Co.*, 2013 WL 4012772, at *6 ("Although such confidentiality agreements are not binding on the Court with respect to sealing, the Court may consider their terms as one factor in its analysis when deciding to seal."); *Gambale*, 377 F.3d at 143 (settlement information redacted from a hearing transcript because parties previously agreed to preserve such information as confidential). ███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ In light of the minimal public interest in disclosure here, the Court should grant YNHH the confidentiality ████████

Prospect argues that YNHH should not enjoy the benefits ████

████████████████████████████████████████████████████████████

████████████████████████ into its pleadings in the underlying action. (Sealing Opp. at 3, 12.) That argument is nonsensical. Prospect references YNHH's October 22, 2024 request to amend its complaint because it referred to ████████████

████████████████████████████████████ Except, YNHH filed its Second Amended Complaint ***under seal with the exact references*** ████████ ***Prospect cites redacted***. (*Yale New Haven Health Servs. Corp. v. Prospect Med. Holdings, Inc.*, No. (X07) HHD-CV24-61894328-S, Dkt. No. 166.00, Second Am. Compl. ¶ 157.) YNHH has always acted consistently—the parties' settlement discussions are confidential and should remain under seal.

## **CONCLUSION**

YNHH respectfully requests that the Court grant its Motion to Seal.

10

Respectfully submitted,

PLAINTIFF YALE NEW HAVEN HEALTH
SERVICES CORPORATION,


/s/ *Kim E. Rinehart*

Kim E. Rinehart
WIGGIN and DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)
krinehart@wiggin.com
Juris Number:  067700

OF COUNSEL:

Daniel Slifkin
Michael A. Paskin
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Street
New York, NY 10001
(212) 474-1000
dslifkin@cravath.com
mpaskin@cravath.com