IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____x

YALE NEW HAVEN HEALTH SERVICES CORPORATION,

             Plaintiff,

     v.

PROSPECT MEDICAL HOLDINGS, INC., PROSPECT CT, INC., PROSPECT ECHN, INC. D/B/A EASTERN CONNECTICUT HEALTH NETWORK, PROSPECT ROCKVILLE HOSPITAL, D/B/A THE ROCKVILLE GENERAL HOSPITAL, PROSPECT MANCHESTER HOSPITAL, INC. D/B/A THE MANCHESTER MEMORIAL HOSPITAL, PROSPECT WATERBURY, INC. D/B/A THE WATERBURY HOSPITAL, PROSPECT CT MEDICAL FOUNDATION, INC. D/B/A EASTERN CT MEDICAL PROFESSIONALS AND ALLIANCE MEDICAL GROUP, PROSPECT ECHN HOME HEALTH, INC. D/B/A VISITING NURSE AND HEALTH SERVICES OF CONNECTICUT, CARDIOLOGY ASSOCIATES OF GREATER WATERBURY LLC, PROSPECT CT MANAGEMENT SERVICES, INC. D/B/A MEDICAL PRACTICE PARTNERS, HEALTHCARE STAFFING ON DEMAND LLC, PROSPECT WATERBURY AMBULATORY SURGERY, LLC AND PROSPECT WATERBURY HOME HEALTH, INC. D/B/A VNA HEALTH AT HOME,

             Defendants.

_____x

Case No.: 3:25-cv-00105

Honorable Michael P. Shea

April 8, 2025

**DEFENDANTS' MOTION FOR PERMISSION TO FILE SUR-REPLY AND TO EXPEDITE DECISION**

-1-

Pursuant to Rule 7 of the District of Connecticut Local Civil Rules ("Local Rules"), Defendants Prospect Medical Holdings, Inc., Prospect CT, Inc., Prospect ECHN, Inc. d/b/a Eastern Connecticut Health Network, Prospect Rockville Hospital, Inc. d/b/a The Rockville General Hospital, Prospect Manchester Hospital, Inc. d/b/a The Manchester Memorial Hospital, Prospect Waterbury, Inc. d/b/a The Waterbury Hospital, Prospect CT Medical Foundation, Inc. d/b/a Eastern CT Medical Professionals and Alliance Medical Group, Prospect ECHN Home Health, Inc. d/b/a Visiting Nurse and Health Services of Connecticut, Cardiology Associates of Greater Waterbury, LLC, Prospect CT Management Services, Inc. d/b/a Medical Practice Partners, Healthcare Staffing On Demand, LLC, Prospect Waterbury Ambulatory Surgery, LLC, and Prospect Waterbury Home Health, Inc. d/b/a VNA Health at Home (collectively, "Defendants" or "Prospect"), respectfully move the Court:

1. for permission, under Local Rule 7(d), to make a sur-reply submission to the Court, in response to Plaintiff Yale New Haven Health Services Corporation's ("Plaintiff" or "Yale") reply in further support of its motion for remand (ECF Doc. No. 32, the "Yale Reply"), to consist solely of (a) the transcript of the March 19, 2025 hearing in Prospect's pending bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Texas (the "Texas Bankruptcy Court"), and (b) an accompanying explanatory memorandum not to exceed five pages; and

2. to expedite decision on the instant motion for leave to file sur-reply, pursuant to Local Rule 7(a)(4).

Defendants respectfully submit that, notwithstanding Your Honor's general pretrial preference not to allow sur-replies, good cause exists for the Court to approve the foregoing limited relief, for the reasons set forth below.

**MEMORANDUM OF LAW**

Under Local Rule 7(d), sur-replies may only be filed with permission of the Court, "which may, in its discretion, grant permission upon a showing of good cause." D. Conn. L. Civ. R. 7(d). Good cause exists to permit a sur-reply where the reply to which it responds raises new points, not previously asserted by the movant in its moving papers. *See Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (granting leave to file sur-reply to address movant's reply arguments, finding "that these arguments have been asserted for the first time in defendants' reply, and therefore, plaintiff should have an opportunity to address such arguments").

Good cause exists to permit Defendants' proposed sur-reply submission here. In the Yale Reply, Yale disputed Prospect's argument that the instant litigation will impact the disposition of Prospect's Connecticut hospital assets in Prospect's pending Chapter 11 proceeding (and is therefore core to that proceeding) by pointing to a motion that Prospect filed in its Chapter 11 proceeding to approve procedures for the sale of its California and Connecticut assets (the "Bidding Procedures Motion"). According to Yale, this Bidding Procedures Motion is somehow in tension with Prospect's argument that the instant litigation will impact the disposition of Prospect's Connecticut hospital assets in bankruptcy. (*See* Yale Reply 2.)

The Bidding Procedures Motion, however, was not filed with the Texas Bankruptcy Court until after Prospect had already filed its opposition to Yale's remand motion and its reply in further support of its motion to transfer in this Court. (*See* ECF Doc. Nos. 23 (remand opposition), 25

(transfer reply).) Accordingly, Yale's reliance on the Bidding Procedures Motion in the Yale Reply was a new point[1] to which Prospect did not have an opportunity to respond under the Local Rules.

Prospect is not seeking leave to file a fulsome sur-reply brief, but rather only to provide the transcript of the May 19, 2025 hearing before the Texas Bankruptcy Court in Prospect's pending Chapter 11 proceeding, along with a brief explanatory memorandum. At that hearing, at which Yale's counsel appeared and spoke on the record (in connection with a reservation of rights that Yale had filed on the Bidding Procedures Motion), Prospect's counsel reiterated that Prospect is still seeking specific performance by Yale of its obligations, as buyer of the Connecticut hospital assets, under the parties' October 2022 Asset Purchase Agreement. Prospect's counsel also explained how the resolution of the instant litigation is key to the disposition of the Connecticut hospital assets, and how the relief requested in this litigation is consistent with Prospect's now court-approved bidding procedures. Both the Texas Bankruptcy Court and Yale's counsel also made statements regarding these issues at the March 19th hearing.

Good cause exists to furnish this transcript and an explanatory memorandum to the Court by way of sur-reply, both to rebut Yale's arguments based on the Bidding Procedures Motion (to which Defendants have not had an opportunity to respond), as well as to apprise this Court of developments in the bankruptcy case as part of its overall consideration of the parties' pending transfer and remand motions.

---

[1] In the event that this Court denies permission to file a sur-reply, Prospect respectfully submits that the Court should nonetheless strike and/or not consider Yale's new argument based on the Bidding Procedures Motion. *See Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir.1993) ("Arguments may not be made for the first time in a reply brief."); *Corpes v. Walsh Constr. Co.*, 130 F. Supp. 3d 638, 644 (D. Conn. 2015) (Shea, J.) ("Because raising new arguments for the first time in a reply brief is improper, the Court will not consider these issues and Ceruti's motion to file a sur–reply . . . is denied as moot.").

In addition, Defendants respectfully request that this Court expedite decision on the instant motion without awaiting the usual 21 days allowed for oppositions under the Local Rules. Under Local Rule 7, "To expedite a decision or for other good cause, the Court may rule on a motion before expiration of the period ordinarily permitted for filing opposition papers." D. Conn. L. Civ. R. 7(a)(4). The relief sought by this motion is narrowly tailored (consisting primarily of the filing of a transcript) and need not delay this Court's adjudication of the pending transfer and remand motions, which are *sub judice*. Given the importance of this litigation to Prospect's bankruptcy proceeding, Defendants respectfully submit that those motions should be disposed of in Prospect's favor without delay.

Respectfully submitted,

By: */s/ Robert S. Friedman*
Robert S. Friedman (ct31256)
Danielle Vrabie (*pro hac vice* application forthcoming)
Joshua I. Schlenger (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
(212) 653-8700
rfriedman@sheppardmullin.com
dvrabie@sheppardmullin.com
jschlenger@sheppardmullin.com

Amy P. Blume, Esq.
Bershtein, Volpe, & McKeon, PC 900 Chapel Street, 11th Floor New Haven, CT 06510
Juris # ct03821
Tel. # (203) 777-5800
apb@bvmlaw.com

*Counsel for Defendants*